VILLAGE OF ORRVILLE *v.* COYLE.

(Decided October 17, 1929.)

*Mr. A. H. Etling* and *Messrs. Weiser & Weimer,* for plaintiff in error.

*Messrs. Troutman & Taggart, Messrs. Weygandt & Ross,* and *Mr. Karl Hoover,* for defendant in error.

PARDEE, J. Although the parties occupy positions in this court the reverse of those held in the court of common pleas, they will be referred to herein as they were in that court.

The plaintiff, Mary A. Coyle, filed an action at law in the court of common pleas to recover damages from the village of Orrville for a personal injury which she received when she tripped upon a fire hose, which, she alleged, had negligently been left across a sidewalk upon one of the public streets of said village, and for which negligence she claims the village was liable. The village filed an answer denying liability, the case was submitted to the court and jury, a verdict was rendered in favor of plaintiff, and a judgment was entered thereon.

The defendant alleges that the trial court committed prejudicial error in not taking the case from the jury at the close of plaintiff's evidence, and again at the close of all the evidence.

The plaintiff's petition set forth four specifications of negligence, to wit:

"1. In permitting said fire hose to be placed across and over said sidewalk.

"2. In permitting said fire hose to be used for a purpose other than for extinguishing fires.

"3. In permitting said fire hose to remain over and across said sidewalk from Monday until Friday night.

"4. In permitting said hose to remain over and on said sidewalk with no red lantern or other signal or warning of any kind to apprise travelers along said sidewalk of the presence of said fire hose."

She further alleged that "the defendant had knowledge of the existence of this dangerous obstruc-

tion across and over said sidewalk, or in the exercise of ordinary prudence should have known of the same.''

The court in its charge to the jury withdrew from its consideration the first and second specifications of negligence, the evidence showing that the village fire hose was temporarily loaned to the members of two service clubs, who were co-operating for the purpose of making a skating pond, near the place of the accident, for the use of the young people of the village, and the court expressly limited the jury in its deliberations to a determination of the third and fourth specifications of negligence and contributory negligence on the part of the plaintiff. Although the answer did not make contributory negligence an issue, the court was of the opinion that there was some evidence produced upon the trial which required a charge thereon.

The plaintiff, a widow, was a seamstress, regularly employed as such, and on the day in question, being Friday, December 9, 1927, she left her place of employment about 9 p. m. and started home, walking from the business section of said village along West Market street, one of the principal and improved streets of said village, until she reached the intersection of West Market and Elm streets, and in close proximity to Mohican avenue, on which she lived, when she tripped over a fire hose lying on top of and directly across the sidewalk on which she was traveling on West Market street, and received serious injuries. The night was dark, and there were no warnings, obstructions, signs, or lights at or near the fire hose to give pedestrians notice of the presence of said hose across the sidewalk, but there was

a street light suspended from a pole on the other side of the street about 40 or 50 feet from the place of the accident.

The place of the accident was about three-fourths of a mile from the village square, in a residential district with improved streets and sidewalks.

At the request of the defendant the trial court submitted to the jury an interrogatory as to the length of time the fire hose had been on the sidewalk prior to the time of the accident, and the jury answered, "Three days."

As hereinbefore stated, the defendant claims that at the conclusion of the plaintiff's evidence, and also at the conclusion of all the evidence, the defendant's motions for judgment in its favor should have been granted by the trial court.

The record discloses a sharp conflict in the evidence as to the length of time the hose was across the street before the accident; the testimony of plaintiff's witnesses showing that it was there from four days to a week, and the testimony of defendant's witnesses placing the length of time at a little more than a day.

The defendant claims that the jury's finding that the hose had been across the street for a period of only three days is conclusive as a matter of law that the defendant did not have constructive notice of the fact that the hose was across the street and also that the jury's finding upon said interrogatory and its general finding are manifestly against the weight of the evidence.

With the contention of the defendant upon these matters we cannot agree, as the evidence in chief submitted by the plaintiff required the trial court to

submit the case to the jury, and this situation remained the same at the conclusion of all of the evidence.

It was a question of fact in this case, to be determined from all of the evidence, whether the hose had been there a sufficient length of time to give the village constructive notice of its presence. The judge, in passing upon said motions, and the jury also, should have and did take into consideration the length of time the hose had been across the sidewalk, its size, the place where it was put, whether the street was improved or not, the distance from the main part of the city, whether it was or was not a residential district, whether it was or was not a closely built up section, whether the street was much or little used, and many other facts as disclosed by the evidence; and the trial court would have erred if it had said, as a matter of law, that the time the hose was there was insufficient to charge defendant with constructive notice of its presence, and had ignored all the other facts disclosed by the record bearing upon this issue.

We are therefore of the opinion that the trial court was right in overruling the motions of the defendant asking that the case be taken from the jury and in submitting the case to the jury, under proper instructions, to determine whether the defendant was liable, under all the evidence, for its failure to keep the street free from nuisance, as required by Section 3714, General Code. See *City of Hamilton* v. *Dilley,* 120 Ohio St., 127, 165 N. E., 713.

We find from the evidence that the answer of the jury to said interrogatory and its general verdict are not manifestly against the weight of the evidence,

and that there are no errors in the record prejudicial to the defendant.

*Judgment affirmed.*

FUNK, P. J., and WASHBURN, J., concur.