Stephenson, J.
 

 This case turns- upon the validity or invalidity of Section 2427 of the ordinances of the city of Cleveland, which provides as follows:
 

 “Safety zones may be established by the director
 
 *609
 
 of public safety along any street car line at any regularly designated street car stop. Such safety zones shall be marked by standards or stanchions erected or placed in the street and the portion of the street between such standards or stanchions and the nearest car rail shall constitute a safety zone. When so marked all vehicles except street cars shall pass such safety zones to the right thereof only, except that when so directed by a police officer vehicles may pass to the left of such safety zone.”
 

 Three particular grounds of error were urged in the Court of Appeals:
 

 (1) A municipality within the state of Ohio is without power to provide by ordinance or otherwise for the obstruction of any public highway by the erection therein of so-called safety zones or any other structures of any description which materially obstruct and impede the orderly movement of traffic.
 

 (2) A municipality in Ohio is without power to provide by ordinance or otherwise for the total exclusion of motor vehicles from any part of the public highway which otherwise is suitable for and intended to be used for the passage of vehicles.
 

 (3) The exclusion of motor vehicles from that part of the public highway- situated between the center line thereof and the outer car rail is an unreasonable exercise of the police power.
 

 The Court of Appeals very properly found that the city of Cleveland had plenary power, under the Constitution and laws of the state of Ohio, to enact the ordinance in question; but it further held that the ordinance as enacted created “an unreasonable requirement when it provided that the driver of a
 
 *610
 
 motor vehicle must keep to the right of the safety zone under any and all circumstances, and regardless of what the emergency of a situation may reasonably require.” The Court of Appeals held that the ordinance in question was in conflict with Section 12603-1, General Code:
 

 “Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided.”
 

 The Court of Appeals further held that the following provision of the ordinance, viz., “When so marked all vehicles except street cars shall pass such safety zones to the right thereof only,
 
 except that when so directed by a police officer vehicles may pass to the left of such safety zone,”
 
 invested the police officers with legislative powers, which the city could not delegate. The court in this connection, inadvertently we think, cites Section 4215, General Code, when it intended to cite Section 4206, General Code.
 

 The case of
 
 State
 
 v.
 
 Schaeffer,
 
 96 Ohio St., 215, 117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137, is cited in support of the reasoning that Section 2427 of the ordinances of the city of Cleveland is in conflict with Section 12603-1, General Code. That case simply holds that Section 12603, which was in effect at that time, is a valid enactment, and that he who violates its provisions and thereby
 
 *611
 
 proximately causes the death of another is guilty of involuntary manslaughter.
 

 Counsel for Gustafson urge that the ordinance in question contravenes Section 3714, General Code, which provides:
 

 “Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
 

 In approaching this case, the' court appreciates that it is on the border line. In other words, it is a “close ease.” The court below invokes the “rule of reason,” and we shall use it here, as it is a good rule. Increasing population, and an increase in the means and methods of travel, present to our legislative bodies their most complex problems. They occur and recur. These bodies have no well-defined groove in which they must run, except that they must follow the Constitution. They have only such powers as are expressly delegated, together with such implied powers as are necessary to carry the express powers into effect. There is no question that the city council of the city of Cleveland had express power to enact Section 2427. The Court of Appeals so found.
 

 Legislative bodies are not infallible, but the “rule of reason” requires them to remain within the bounds of reason. The simple fact that they have been given a power carries to them no license that they can run riot with it.
 

 
 *612
 
 Has the council of the city of Cleveland unreasonably exercised its power in the enactment of Section 2427 ? It must be borne in mind that all of us must surrender something for the sake of government. When the motorist starts, he wants to go. So does the pedestrian. So does the passenger in the street car. The city council must look after the safety and general welfare of all at the same time and under all circumstances. Council cannot legislate with exact nicety, nor is it required so to do in the exercise of its police power. The Almighty himself would find it a stupendous task to take care of our moving thousands without making some slight discrimination somewhere. The requirement of the ordinance in question makes it necessary for the motorist to drive slower at times, and it may cause an occasional congestion, but it does give the resident of the safety zone a greater assurance of safety.
 

 The court can see no discrimination in favor of a private interest, the street railway company. Street cars must run on fixed tracks in the street, so located that other vehicular traffic may be impeded as little as possible. Patrons of the street cars must approach near to the track so they can board the car, and council must consider both in its traffic legislation.
 

 Complaint is made that a safety zone is a nuisance in that it places an obstruction in the highway. It certainly is not an abuse of power for council to reasonably obstruct the highway, if it is necessary so to do to make it safe.
 

 We do not think that the delegation of the power of direction to the police officer in any wise nullifies
 
 *613
 
 this ordinance. This sentence conld be cut out of the ordinance entirely and a perfectly good ordinance would still remain.
 

 It is the holding of this court that Section 2427 of the ordinances of the city of Cleveland is not in conflict with the Constitution or statutes of the state of Ohio; that the city council had full power to enact such ordinance; that it is not unreasonable or unreasonably discriminatory; and that it does not constitute a nuisance. The judgment of the Court of Appeals will therefore be reversed and that of the municipal court affirmed.
 

 Judgment of the Court of Appeals reversed and judgment of the municipal court affirmed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.