TETLOW, ADMR., *v.* CITY OF YOUNGSTOWN.

(Decided December 27, 1934.)

*Messrs. Anderson & Lamb* and *Mr. B. G. Mock,* for plaintiff in error.

*Mr. W. E. Stankiewicz,* assistant director of law, for defendant in error.

SHERICK, P. J. This proceeding in error is prosecuted to this court by Harold A. Tetlow, the plaintiff administrator of a deceased minor child, from an adverse verdict and judgment entered against him and in favor of the city of Youngstown.

The action had a dual purpose. The administrator first sought damages for injury to his decedent, a four year old child, because of the city's negligence, in that its employees built and left unguarded an open fire in a city street while there employed, with which the child came in contact. It was severely burned, and, as a result thereof, it thereafter died. The theory of this cause of action is, of course, based upon a nuisance and the provision of Section 3714, General Code, requiring a municipality to keep its streets "open, in repair, and free from nuisance." The second cause of action was grounded upon the statute for wrongful death. The city's answer to these claims is in substance a general denial.

Our first comment respecting the state of the pleadings and the evidence offered in support of the allegations thereof, before proceeding to briefly consider the errors complained of, must be directed to the fact that the petition does not recite the nature of the employment in which this gang of city employees was engaged at the time of the child's injury. Our second remark with reference thereto is that the undisputed proof discloses that these employees were at the time engaged in the repair and improvement of the street at and about where the open fire was built. These facts will bear an important part in what will be hereinafter said and concluded, after having considered the two

claims of error insisted upon for reversal of this judgment.

It is insistently urged that the verdict is manifestly against the weight of the evidence. The city defended upon the merits of the controversy with attempted proof of the fact that there was another open fire some fifty feet therefrom, upon an adjacent vacant lot, for which it was not responsible and at which the child received its injury. The proof made, however, is that the child played about or passed by the open fire, and proceeded into the open lot where it was discovered in flames, and that shortly, or rather immediately, thereafter, a grass fire occurred thereat. The only logical inference that is deductible from these facts is that the open and unguarded fire was transmitted to the child and by it to the grass.

The second error relied upon is that the trial court in its charge to the jury wrongly placed upon the plaintiff administrator the burden to prove notice upon the city, either actual or constructive, of knowledge of the existence of the nuisance complained of. This might or might not have influenced the jury in arriving at its verdict, for it was admitted by the city's street foreman that the fire was built in his presence, and of this he had continuing knowledge. The jury, however, was not instructed that knowledge by the foreman was notice to the city. The Court of Appeals of this district, in *City of Struthers* v. *Clay*, 13 Ohio Law Abs., 97, 101, correctly stated, in considering the rule of notice and the exception thereto that prevails in this state, that:

"This rule, however, does not extend to conditions for which the city itself was responsible and which it in effect placed there itself."

This statement is but acknowledgment of application of the exception to the rule as recognized in *City of Ironton* v. *Kelley*, 38 Ohio St., 50, 53, and *City of*

*East Cleveland* v. *Wald,* 103 Ohio St., 373, 377, 133 N. E., 798. See, also, 28 Ohio Jurisprudence, 992, Section 620, note 19.

If it were not for a further insurmountable hurdle, this court of two judges, had we the power, which, of course, we do not have on the question of the weight of the evidence, would reverse and remand this cause for a new trial upon both grounds. This however we may not do.

It is held in *City of Wooster* v. *Arbenz,* 116 Ohio St., 281, 287, 290, 156 N. E., 210, 52 A. L. R., 518, that, by the enactment of the predecessor of Section 3714, General Code, 50 Ohio Laws, 244, Section 63, the "Legislature of Ohio has removed all doubt as to the public character of streets and alleys within municipalities, and by the same token it has become firmly established that the maintenance of streets, alleys, and other highways is the performance of a governmental function. By virtue of Section 3714 the duty has been enjoined upon municipalities to keep streets and alleys open, in repair, and free from nuisance, and it follows from that that they may be made to respond in damages for a failure so to do. The liability thus imposed by that statute is in derogation of the common law and therefore must be strictly construed. The liability having only been imposed for a failure to keep streets in repair, the provisions of that section can not be by implication or interpretation extended to make the municipality liable for the negligence of its servants while engaged in the act of making improvements to its streets and alleys. * * * This court has not in any case declared municipalities responsible for the negligence of their agents and servants while engaged in making repairs and improvements to streets. * * *

"By the weight of authority, as well as upon principle, we have reached the conclusion that streets and highways are public and governmental institutions,

that in the absence of statutes there would be no liability for failure to maintain them, that it is only by reason of statutes that municipalities have been held responsible in damages for injuries caused by defects in streets, and that this statutory liability by its terms extends only to damages caused by defects in the streets themselves, and does not extend to the negligence of the agents and servants of the city while in the act of making repairs and improvements.''

And now reverting to our first comment, it will at once become apparent that had the petition set forth the nature of employment of the city's servants, its demurrer to the plaintiff's petition would have been well taken. Our second remark herein, previously made, makes known that the proof offered indisputably establishes the fact that at the time the city's agents and employees were engaged in improving the street, by sloping down banks and digging out ditches, and hauling away such debris; and this being true it must follow under the pronouncement of the *Arbenz case, supra,* that the trial court should have sustained the city's motions for a directed verdict made at the conclusion of the plaintiff's case and at the end of all the evidence.

In conclusion, we perceive that the *Arbenz case,* in view of the recent enactment of Section 3714-1, General Code, would now be differently determined; but the Legislature in this amendment did not see fit to therein so disturb the strictness of the statute as to aid the plaintiff in error in the present instance.

Inasmuch as the proof discloses that there is no cause of action present, this court must not reverse and remand this case for new trial; but must, and now does, affirm the judgment.

*Judgment affirmed.*

MONTGOMERY, J., concurs.

SHERICK and MONTGOMERY, JJ., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District.