Jones, J.
 

 In finding that tbe trial court erred in excluding “Exhibit A,” tbe appellate court in its opinion said:
 

 “This court is inclined to think, although tbe proposed motion was not read into tbe record, that this testimony should have been received; * * *.
 

 
 *37
 
 “This court is of the opinion that if the interest of the plaintiff had been preserved and protected, especially by a proper offering of this testimony and preservation of exception thereto, that the plaintiff should have had the benefit of such testimony so offered.” This exhibit was offered by the plaintiff for the purpose of showing that the city council, more than two years prior to the date of the accident, had adopted some action relating to the placing of barriers on the city streets. What those proceedings of the city were, whether passed by resolution or- ordinance, whether they were permanent or temporary measures, and whether they imposed an authority upon the service director or other official, we do not know, for “Exhibit A” was not incorporated in the bill of exceptions. It is obvious, therefore, that its competency and materiality cannot be determined by this court; neither could they be determined by the Court of Appeals, which had before it the same record we have. It possibly may be that it had the council minute book before it in fact; but, if so, this gave the court no power to base its reversal on the failure of the trial court to admit the exhibit in evidence, for the exhibit is not contained in the bill of exceptions or vouched for by the signature of the trial judge. The appellate court, therefore, erred in finding, as one ground of reversal, that the trial court erred in the “exclusion of competent evidence.”
 

 We will assume that the exhibit was admitted, showing that appropriate legislative action had been taken by the city council setting aside this street for coasting purposes, and that the service director had been delegated to provide such coasting places. Under the facts pleaded in the petition and disclosed by the evidence, is the city liable? In performing such duties, was the city exercising a governmental or a proprietary function ? In
 
 City of Akron
 
 v.
 
 Butler,
 
 108 Ohio St., 122, 140 N. E., 324, we held that where the plain
 
 *38
 
 tiff, in Ms action against a city to recover damages for personal injuries caused by the negligence of a servant of a municipality, fails to offer evidence tending to prove that the servant was engaged in a proprietary function, as distinguished from a governmental function, a motion for a directed verdict at the close of plaintiff’s case should be sustained. Evidently acting upon authority of that case, the trial court, in the instant case, sustained the defendant’s motion for a directed verdict at the close of the plaintiff’s case. In
 
 City of Wooster
 
 v.
 
 Arbenz,
 
 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518, the first paragraph of the syllabus reads: “Streets and highways are public and governmental institutions, maintained for the free use of all citizens of the state, and municipalities while engaged in the improvement of streets are engaged in the performance of a governmental function.” In the same case, we stated the exception to that rule to be substantially as follows: that although a city was exercising a governmental function, still it would be liable for failure to discharge the duty of keeping the streets open, in repair and free from nuisance, as required by the provisions of Section 3714, -General Code. It is somewhat difficult to discover whether counsel for defendant in error relies upon that section for recovery from the city or whether he rests the city’s liability upon the fact that in the construction of the barricades the city was performing, as he states in his brief, a proprietary duty. The brief states: “This is not an action founded upon failure to exercise police powers nor one that comes within governmental powers, but one that comes within a proprietary duty.” It certainly cannot be said that the city was exercising proprietary functions as where the city acquires some benefit or profit from such exercise. The coasting places were provided for the pleasure and use of all and not for a part of the citizens. In providing them, the city was acting within its police power, and in that
 
 *39
 
 respect its action was governmental and not proprietary.
 

 This feature of the case, as well as that of nuisance to which we will refer later, was treated in
 
 Harris, Admos.,
 
 v.
 
 City of Des Moines,
 
 202 Iowa, 53, 209 N. W., 454, 46 A. L. R., 1429, and
 
 Burford
 
 v.
 
 City of Grand Rapids,
 
 53 Mich., 98, 18 N. W., 571, 51 Am. Rep., 105, both involving municipal liability for permitting coasting on its streets. In the
 
 Harris case, supra,
 
 the suit was to recover damages for the death of a boy killed by a collision with an automobile while he was coasting on one of the city streets. It appeared that the Superintendent of Public Safety had temporarily set aside a street for coasting use by the children in the neighborhood, and had placed placards at the intersecting streets announcing that the street was reserved for that purpose. The case states that the negligence pleaded was to the effect that the city had permitted a dangerous condition to arise on the street and had failed to guard or barricade the street to-prevent automobiles from entering upon the street while it was being used for coasting. The Supreme Court held in its syllabus as follows: “ A city which temporarily sets aside a public street for coasting purposes is not liable in damages for an injury resulting to a person so using the street, from his coming in contact with an automobile which the city had failed to exclude from the street.” In its opinion, the court stated: “A governmental duty is one involving the exercise of governmental power, and is assumed for the exclusive benefit of the public. A sovereign act of government cannot be submitted to the judgment of the courts, since the government is not the subject of private law.” In the
 
 Grand Rapids case, supra,
 
 it appears that the common council of the city had designated one of a number of its streets for coasting purposes; that when the street was covered with snow and ice a large number of boys assembled on the street and partici
 
 *40
 
 pated. in the amusement of coasting; that while coasting’, a horse of the plaintiff which he was then driving on the street was run into by a bob sled used in coasting. Cooley, C'. J., in. his opinion, states: “The sole question in the case is whether the declaration sets forth any cause of action against the city for this injury.
 

 “The wrong attributed to the city is that, through its common council, it gave permission for the use of Fountain street for the amusement of coasting. This permission was given in assumed exercise of the legislative power conferred upon, the city to control the use of the streets, and the action raises the question whether a municipal corporation can be liable as for a tort, for injurious consequences resulting from an exercise of its legislative authority.” As in the
 
 Harris case, supra,
 
 the court sustained the demurrer of the city to the plaintiff’s declaration, and in its syllabus held: “A municipal ordinance permitting a particular street to be coasted on does not make the city liable for any injuries that may result from the coasting to persons on the street; their right of action is against the person inflicting the injury.” These two, among many other coasting cases, hold that a city is not liable to suit because, in providing coasting places for the pleasure of its inhabitants, the city is exercising a governmental function.
 

 But this is not dispositive of this case. Section 3714, Gfeneral Code, provides that the council “shall have the care, supervision and control of public hig’hways, streets * * * and shall cause them to be kept open, in repair, and free from nuisance. ” Some doubt exists as to whether counsel for defendant in error, in the trial of the case, relied upon that section for recovery or upon his claim that the city was exercising a proprietary duty. But, giving such counsel the benefit of the doubt, and permitting him to rely upon his claim of liability because of the city’s failure to keep
 
 *41
 
 the streets free from nuisance, the legal question is presented whether the setting aside of a street for coasting purposes and the erection of barriers thereon is a nuisance within the purview of that section. Even though the city were exercising a governmental function, still, under our decisions, including our holding in the second paragraph of the syllabus in the
 
 Arbenz case, supra,
 
 a municipality would become liable if it failed to keep the streets open and free from nuisance. In the
 
 Harris case, supra,
 
 De Graff, C. J., quotes the following from the
 
 Grand Rapids case, supra,
 
 with approval: “ ‘It could not be seriously contended that for the municipal authorities to permit coasting upon such a street would be to license a public nuisance.’ ” And it may be stated that, although it does not appear definitely in the
 
 Harris case,
 
 the fact is, as shown in earlier cases decided by the same court, that Iowa also has a statute requiring municipalities to “keep streets open, in repair and free from nuisance.” The construction of the modern safety zones in a city street creates a dangerous condition, and, as is well known, occasions many accidents. They may be classed as nuisances in a popular sense, but not so in a legal sense within the purview of Section 3714, General Code.
 
 City of Cleveland
 
 v.
 
 Gustafson,
 
 124 Ohio St., 607, 180 N. E., 59, 79 A. L. R., 1325. The automobile parked by the son at the curb in] front of his mother’s residence certainly was not a nuisance. It was lawfully parked there when the barriers were erected, and our attention has been called to neither law nor ordinance which made such parking unlawful. If neither the setting aside of the street for coasting nor the presence of the parked automobile was a nuisance, which seems to be conceded, there was no duty upon the city to disturb them. Certainly what the law sanetions cannot be said to be a public nuisance.
 

 The contention of counsel for defendant in error, which apparently was sustained by the Court of Ap
 
 *42
 
 peals, is that, while there was no nuisance, two concurrent conditions were created which caused the accident. In its opinion the Court of Appeals said: “It may now be stated that it is not claimed that the placing of the barricades alone in this street was actionable negligence or constituted a nuisance. Neither is it claimed that the parking of the automobile on the westerly side of Murdock street was of itself and considered alone, actionable negligence or a nuisance. However, it is claimed that the combination of.these two conditions or circumstances so united as to cause a dangerous condition, and so permitting them to exist in connection with each other was negligence and an actionable nuisance.” Conceding the claim that no nuisance existed on the street, the Court of Appeals reversed the trial court because, as stated in its opinion, “the concurrent existence, however, of these two conditions are said to have resulted in the existence of such a dangerous condition as made the city responsible therefor. In any event, in this case, this combination of conditions resulted in the accident to the boy. ’ ’ The court may as well have added that a third condition may have intervened — the parking of the automobile without lights — which may have contributed to the accident. The case ,was evidently tried upon the theory that the city was negligent under the principles of the common law, but since the city was not exercising proprietary functions that theory must be discarded.
 

 For the reasons stated, the judgment of the Court of Appeals will be reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Matthias and Zimmerman, JJ., concur.