**KOHAKE v CINCINNATI (city)**

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 28, 1938

John M. McCaslin, Cincinnati, for appellant.

John D. Ellis, City Solicitor, Cincinnati, and Edward F. Alexander, Assistant City Solicitor, Cincinnati, for appellee.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

The plaintiff's action was for damages for personal injuries suffered by him through the claimed negligence of the city of Cincinnati, its agents and employees.

Briefly, the pertinent facts are as follows:

Plaintiff, Kohake was a conductor on a street car, which was moving on Harrison Avenue, city of Cincinnati, toward the city. The city of Cincinnati at the time was engaged in street repairs to Harrison Avenue. As a part of the machinery for these repairs of the street, it had placed in the street, within a few inches of the street car tracks, a machine for heating asphalt The heat was furnished by kerosene, supplied through burners. The whole apparatus was on wheels to facilitate moving. At an elevated position on the wheels was carried a large kerosene tank, filled with kerosene; the kerosene being forced into the burners under high pressure through a rubber hose. While the apparatus, as briefly described, was stationary, a street car, on which the plaintiff was the conductor, was moving toward the city of Cincinnati. The street car was of the type which has a front door and a center side door. The center door could not be opened while the car was in motion, nor could the car be moved while the doors were open.

The street car approached the apparatus in question on the day alleged and stopped temporarily some few feet back of the apparatus. The motorman was told to come on. To pass the apparatus, the motorman moved the car forward, and the front part of the car passed the apparatus with sufficient clearance, but when the center of the car came opposite the apparatus, an explosion occurred, and the kerosene under the high pressure applied was thrown against the side of the street car, through the cracks, openings, windows, and center door, creating a panic in the street car. The conductor standing in front of the center door, preventing the people from endeavoring to break out, suffered serious burns, which he claims and the evidence so shows permanently injured him.

The defense was a denial of any actionable negligence, and also set up the governmental function of the city of Cincinnati.

At the trial of the case the plaintiff proved the facts as briefly outlined above. Whereupon, the trial court granted a motion for an instructed verdict, and entered judgment for the defense on that instructed verdict.

The plaintiff, appellant here, claims that the court erred in so instructing the verdict, for the reason that he claims a right to maintain this action, first, on the ground that the negligent operation of a vehicle under §3714-1, GC; and, second, on the ground that the city of Cincinnati maintained a nuisance in a public highway, and failed to keep the streets free from nuisance under the provisions of §3714, GC, which provides:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation and shall cause them to be kept open, in repair, and free from nuisance."

We see no force in the claim based upon the operation of a vehicle. The fact that the apparatus was on wheels contributed nothing toward causing the accident in this case. Had the vehicle been in motion, moving about on the street, there would be force in the plaintiff's claim of a basis for an action, if an accident resulted from negligent operation. There was no movement of the instrumentality causing any accident. It was an explosion of a lethal fluid which caused the accident.

The only question in the case, as we see it, is whether or not the character of the appliance and the dangerous and inflammable material used, under high pressure, through a rubber hose, constitutes such a dangerous instrumentality as to cause it to be classed as a nuisance in the public highway within the purview of §3714, GC.

In the case of the City of Wooster v Arbenz, 116 Oh St 281, the third paragraph of the syllabus is:

"The duties and obligations thus imposed are in derogation of the common law and must therefore be strictly construed, and the provisions of that legislation cannot by implication or interpretation be extended to make a municipality liable for the negligence of its servants while engaged in the act of making improvements to streets, unless such negligence relates to a condition of the street itself and the damage is caused by a defective condition thereof."

This decision construes §3714, GC, as to what constitutes a nuisance in the street, and under the construction pronounced the facts in the instant case do not make out a case of actionable nuisance under the statute, and there being no common law liability the trial court was correct in directing a verdict for the defense.

The Arbenz case has been cited and followed in the case of City of Mingo Junction v Sheline, Admrx., 130 Oh St 34, 3 O.O. 78, Selden v City of Cuyahoga Falls, 132 Oh St 223, 7 O.O. 511, and Tetlow, Admr. v City of Youngstown, 49 Oh Ap 540, 3 O.O. 379.

The plaintiff cites the case of Hamilton v Dilley, 120 Oh St 127, in support of his contention. In that case, the concrete construction related to a condition of the street itself. It was attached to and made a permanent part thereof, and does not conflict with the rule laid down in the Arbenz case.

The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.