GEREND, APPELLEE, *v.* CITY OF AKRON, APPELLANT.

(Decided November 17, 1939.)

*Mr. Leonard M. Bertsch,* for appellee.
*Mr. Wade DeWoody,* director of law, and *Mr. Harold L. Mull,* for appellant.

WASHBURN, P. J.  The parties will be referred to as they were in the court below.  The action is one in which the plaintiff in the trial court recovered a judgment against the defendant for injuries received when she was riding in an automobile being driven upon one of the streets in the defendant municipal corporation.

In the petition the plaintiff alleged that the defendant was engaged in the project of repairing the street in question, and that it "did commit gross neglect, in that the said repairs were of a nature to render the street unfit for vehicle passage, and were left with only one small light at the side of the street, at a time when the said street was in darkness," and that "the said light was inadequate to apprise the public of the dangerous condition of the highway."

The defect in the street was not otherwise described in the petition, and there were no other allegations in the petition to indicate whether the liability sought to be enforced against the municipal corporation was a liability based upon negligence, as such, or upon the maintenance of a nuisance in the street.

Upon the trial, plaintiff's counsel, in his opening statement, enlarged upon the allegations of the petition by setting forth that he expected the evidence to show that the repairs being made consisted of cutting a deep ditch across the highway, and that the ditch was left insufficiently lighted; and that the automobile in which the plaintiff was riding, which was being driven by her husband, fell into the ditch and thereby injured plaintiff.

Before any evidence was offered, counsel for the defendant objected to the introduction of any testimony, upon the ground that the petition did not set forth a cause of action, and also asked the court to direct a verdict for the defendant upon the opening statement of counsel.

The court overruled that motion, and thereupon counsel for the defendant made a motion "to require the plaintiff to elect upon which theory she is going to proceed," and that motion was overruled and exception noted.

At the close of the evidence on behalf of the plaintiff, which tended to show that the basis for recovery was the maintenance by the defendant of a nuisance in the street, counsel for the defendant stated to the court: "I would like to renew my motion"; and the court responded, "Overruled."

Thereafter no further motions were made, the plaintiff at no time asking for leave to amend his petition, and the court charged the jury upon the theory that the basis of the liability claimed was the maintenance of a nuisance in the street by the defendant. The

cause is before this court on appeal on questions of law.

It is urged that the court erred in not granting the motion for a directed verdict upon the opening statement of counsel for plaintiff.

As was said in a recent case decided by this court, speaking through Judge Stevens:

"It is the well-settled law of Ohio that, upon a motion to direct a verdict in favor of defendant upon the opening statement of counsel for plaintiff, the court is called upon to determine a legal question only, and in so doing is neither permitted to weigh evidence nor to determine any question of fact whatsoever. The court is required to assume that everything said in the opening statement is true, and that every reasonable inference favorable to plaintiff which may be drawn therefrom is true, leaving for determination by the court only the question as to whether such facts and inferences, unexplained, undenied, and unaffected by any other facts, entitle the plaintiff to a judgment in law." *Kasper, Admr.,* v. *Oberlin College,* 17 Ohio Law Abs., 368.

Judged by that statement of the law, the trial court in this case did not err in refusing to direct a verdict for the defendant upon the opening statement.

It is next urged that the petition did not state a cause of action against the defendant, and that therefore the demurrer to any evidence should have been sustained.

In the matters concerning which complaint was made, the defendant was acting in a governmental capacity, and was liable only in the event that it failed to perform its duty as set forth in Section 3714, General Code.

That section does not impose a duty the violation of which gives rise to a cause of action under the principles of common-law negligence; the action is one

"for a nuisance," which abates at the death of the party injured. *Village of Cardington* v. *Admr. of Fredericks,* 46 Ohio St., 442, 21 N. E., 766.

"2. In so exercising its governmental function in the use and control of its streets, the city is not liable in tort therefor unless such exercise results in the creation or maintenance of a nuisance within the purview of Section 3714, General Code." *City of Mingo Junction* v. *Sheline, Admx.,* 130 Ohio St., 34, 196 N. E., 897.

In the situation here presented, the only action which the plaintiff could maintain against the city for damage growing out of governmental acts of the city was one for nuisance.

Did the plaintiff plead such an action?

If we give to the petition a very liberal construction, it may be that plaintiff pleaded a cause of action for negligence under the principles of the common law. She charged that the city in repairing the street which it had a right to do, rendered the street "unfit for vehicle passage" and was negligent in failing to place adequate lights "to apprise the public of the dangerous condition of the highway," but the nature of the repairs are not set forth, and the condition of the street was not described except to characterize it as unfit for travel and dangerous. No facts are given which would enable one to form an opinion as to whether the situation was such as to constitute a nuisance.

Plaintiff does allege that the defendant was negligent, but negligence is also the basis of a common-law action. While negligence may frequently constitute an element of nuisance, usually there are other elements which must be taken into consideration in determining whether a nuisance exists, such as locality, surroundings, methods, degree of danger, conditions made necessary by the topography of the terrain, and the custom of the community.

Where negligence is involved, the existence of a nuisance does not rest upon the degree of care used, but rather upon the degree of danger existing if due care is not exercised. Degree depends on circumstances, and in an action for nuisance the circumstances must be pleaded.

The general rule is that operative facts essential to the cause of action must be pleaded. Characterizing a street as unsafe or dangerous is not pleading operative facts. To charge the maintenance of a nuisance in a street, it is not necessary to characterize it as a nuisance, but it is necessary to describe a condition of the street and a situation which a jury might properly find constitutes a nuisance.

The court is of the opinion that the petition herein did not set forth facts which, with the inferences properly deducible therefrom, showed any claim of liability for the maintenance of a nuisance in the street, and for that reason the petition did not state facts sufficient to constitute a cause of action. The court committed prejudicial error in overruling the demurrer to the introduction of evidence.

It is error to render a judgment for plaintiff upon a petition that does not state a cause of action, over the objection of the defendant made before any evidence is introduced, at least where the defendant does not do anything thereafter to waive such objection.

For error in not sustaining the demurrer to the introduction of any evidence, the judgment is reversed, and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed and cause remanded.*

DOYLE and STEVENS, JJ., concur.