POETKER, APPELLEE, *v.* CITY OF PORTSMOUTH ET AL., APPELLANTS.

(Decided January 20, 1940.)

*Mr. Emory F. Smith* and *Mr. Lowell C. Thompson,* for appellee.

*Mr. Ernest G. Littleton* and *Mr. Homer J. Micklethwait,* for appellants.

GILLEN, J. The amended petition in this action alleges that from the 22nd day of January to the 8th day of February, 1937, plaintiff was the owner of lot No. 287 in the Barr addition in the city of Portsmouth, Ohio, on which was located a frame dwelling house.

During that time flood waters of the Ohio and Scioto rivers forced and floated this building northwardly and partially off said lot and partly on an unimproved street duly dedicated and accepted as a public highway, commonly known as Eleventh street. The amended petition further alleges that on or about the 8th day of February, 1937, the city of Portsmouth through its agents and employees, duly authorized and acting within the scope of their authority, without the consent and knowledge of plaintiff, did tear down, take apart and completely demolish this building. It is claimed that the city through its agents and employees also carried away and converted to its own use the lumber and plumbing from the building. The prayer of the petition asks for damages in the sum of $2,500.

The answer filed by defendant avers that due to the unprecedented flood waters of 1937 there existed in the city of Portsmouth a situation of great emergency; that following the flood the dwelling house of plaintiff obstructed the traveled portion of the street adjacent to the premises of plaintiff; and that this obstruction constituted a great menace to the safety of travelers upon the street. During the period of emergency following the flood, the city, under the direction of the State Fire Marshal, was engaged in the work of clearing streets and removing debris therefrom.

The cause was submitted to the court without the intervention of a jury, resulting in a judgment for plaintiff in the sum of $250. An appeal on questions of law has been perfected.

Whether, under such circumstances, a municipality is liable for the wrongful acts of its agents and employees is the sole question presented for determination. Defendant contends that the situation is one controlled by the pronouncement of the Supreme Court in the case of *City of Wooster* v. *Arbenz,* 116 Ohio St.,

281, 156 N. E., 210, 52 A. L. R., 518, the syllabus of which case reads:

"1. Streets and highways are public and governmental institutions, maintained for the free use of all citizens of the state, and municipalities while engaged in the improvement of streets are engaged in the performance of a governmental function.

"2. Section 3714, General Code, imposes upon municipalities the obligation to keep streets, alleys, and other highways within the municipality open, in repair, and free from nuisance; the legislation imposing this duty is an exercise of the sovereignty of the state, and municipalities as creatures of the same sovereignty are subject to the liability which follows a failure to discharge that duty.

"3. The duties and obligations thus imposed are in derogation of the common law and must therefore be strictly construed, and the provisions of that legislation can not by implication or interpretation be extended to make a municipality liable for the negligence of its servants while engaged in the act of making improvements to streets, unless such negligence relates to a condition of the street itself and the damage is caused by a defective condition thereof."

Plaintiff's claim for recovery is based upon the limitation of the power of municipalities to abate nuisances, which limitation is expressed in 8 Ohio Jurisprudence, 451, Sections 322 and 323, as follows:

"The limitations upon the exercise of police power in derogation of personal and property rights, manifestly apply to the abatement of nuisances. Before the state will be justified in providing for the summary destruction of private property in behalf of the general public it must appear that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, that the

means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon private individuals. Naturally, a municipality can not arbitrarily by ordinance declare property to be a nuisance and destroy it unless it is, in fact, a nuisance. Whether a nuisance exists or not in a particular case, justifying the exercise of police power by municipal authorities, is a question of fact frequently to be determined from the evidence.''

This limitation, however, does not seem to exist in a situation where the municipality has a specific statutory duty to perform. Section 3714, General Code, reads:

''Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.''

It has been said in the second paragraph of the syllabus of the case of *Martin* v. *City of Canton,* 41 Ohio App., 420, 180 N. E., 78, that the statute imposing on municipalities the duty to keep streets open, in repair and free from nuisance is limited to physical condition of streets and physical impediments or hindrances to traffic. The fifth paragraph of the same syllabus says that in the absence of statute a municipality is not liable in damages for injury due to failure to perform, or negligence in performance of, governmental function. It would seem, therefore, that the city of Portsmouth while engaged in the work of clearing the streets and removing debris therefrom was carrying out a governmental duty imposed by the provisions of Section 3714, General Code.

It is urged by counsel for plaintiff that that portion of Eleventh street where the building was razed is used by only a few persons and that other streets in the neighborhood furnished adequate ingress and egress. There is no distinction in the statute between the streets serving as main thoroughfares and those used less frequently. The duty of the municipality to keep streets and alleys open, in repair and free from nuisances is a specific mandate with respect to all streets and alleys. It is apparent from the record that defendant's agents and employees were engaged in a general clean up of all public thoroughfares and that the destruction of plaintiff's building occurred during the progress of such work. There can be no doubt that in the exercise of greater care plaintiff's building might have been spared and that the rule absolving defendant from all liability under the circumstances is a harsh one. However, under the law as announced by the Supreme Court in the case of *City of Wooster* v. *Arbenz, supra,* to the effect that a municipality in the performance of a governmental function is not responsible for the wrongful acts of its agents, this court can reach no other conclusion.

The judgment of the trial court is reversed and final judgment is rendered in favor of defendant.

*Judgment reversed.*

BLOSSER, P. J., and McCURDY, J., concur.