DINNINGER ET AL., APPELLEES, *v.* VILLAGE OF
PLYMOUTH, APPELLANT.

(No. 481—Decided October 12, 1942.)

*Messrs. Young & Young,* for appellees.
*Messrs. Carpenter & Freeman,* for appellant.

LLOYD, J. The defendant, the village of Plymouth, appeals to this court on questions of law and fact from a judgment of the Court of Common Pleas perpetually enjoining it from "blockading or in any other manner closing any of the entrances to the public square" therein or "in any way closing Sandusky street in said village or diverting traffic therefrom."

Upon real estate owned by them and located on the east side of Sandusky street, the Dinningers have and operate a garage and filling station. In the center of the village is a large public square from which Sandusky street, designated as state route No. 61, extends north to the limits of the municipality. In May of 1941, and at other times, the village placed barricades across state route No. 61 and at other points on other streets leading into the public square. This was done to permit the holding of carnivals in the public square, during the progress of which only pedestrians were

allowed to use the streets entering the square, the vehicular traffic therein being rerouted over other streets. The evidence shows that the carnivals were conducted for periods of three or four days during the spring and summer months, continuing for five or six hours on those days, and were sponsored by the "Business Men's Association" of the village. The association entered into a contract with a carnival company which supplied the usual accessories incidental to street fairs —"ferris wheel, toy automobile rides, merry-go-rounds and things like that." There were also local concessions of various kinds, for the privilege of operating which the concessionaires paid varying sums to the association. The carnival company also paid to the association a certain percentage of the proceeds received from the amusement features provided by it.

The plaintiffs brought their action individually and as taxpayers. The evidence discloses that they sustained damage to their business during the time of the conduct of the carnivals. From the facts also, it is clear that the carnival was a business venture for individual profit.

Section 3714, General Code, places upon a municipality the burden of causing public highways, streets, alleys and public grounds "to be kept open, in repair, and free from nuisance," and we think it may be said that obstructions in a public street, alley or public grounds, unexplained, is presumptively a public nuisance.

The instant case differs essentially from that of *City of Mingo Junction* v. *Sheline, Admx.*, 130 Ohio St., 34, 196 N. E., 897. There it was sought to charge the village with liability for tort and not to enjoin it from barricading a street in violation of Section 3714, General Code. Also it differs factually in that the use of the street there in question was for a community

purpose not involving pecuniary profit, whereas the instant case involves the use of streets and public grounds for private gain.

The injunction prayed for, therefore, should be and is allowed.

*Injunction allowed.*

OVERMYER and CARPENTER, JJ., concur.