**BADEMAN, Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22380.   Decided March 3, 1952.

Alfred L. Steuer, Cleveland, for plaintiff-appellee.

Joseph H. Crowley, Director of Law, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a judgment entered for plaintiff in the Municipal Court of Cleveland.

The action is one in which it is claimed that the City of Cleveland wrongfully took, converted and destroyed certain property of plaintiff consisting of tools, scaffolding, bricks and like materials which the plaintiff used in his business of repairing and rebuilding chimneys and roofs.

In his petition the plaintiff attempts to state a cause of action in conversion.   The evidence does not support such claim.   The evidence considered in its most favorable light in support of plaintiff's petition shows that the material taken

was piled next to the regular ash barrels and rubbish containers and the city employees, in the rubbish department, loaded it on ash or rubbish trucks and dumped it on the Fairfield Avenue Dump with other rubbish and ashes.

There is no evidence that the city did anything else than to collect the plaintiff's property as rubbish and dump it on a city dump. Such a taking does not constitute a wilful taking. At most it would constitute negligence in the operation of the rubbish department.

The operation of the rubbish department is a governmental function. **Gorman v. City of Cleveland, 26 Oh Ap 109.** It has long been the recognized rule in Ohio that there can be no recovery against a municipal corporation for injuries or damages occasioned by its negligence or nonfeasance in the exercise of a function governmental in character. **Wooster v. Asbury, 116 Oh St 281.**

For the foregoing reasons, the judgment of the Municipal Court must be reversed and final judgment entered for the defendant. Exc. Order see journal.

HURD, J, THOMPSON, J, concur.