Zimmerman, J.
The generally recognized rule that a municipality is not liable for torts committed by its employees in the exercise of a function of the municipality which is governmental in character has been subject to sharp criticism. It is argued that such rule having its origin in the ancient and obsolete maxim that “the king can do no wrong” has no place in this modern day- with its enlightened sociological concepts and governmental changes, and that the rule of nonliability is unfair and unjust in that the burden of damages resulting from the tortious or wrongful acts of the government should be removed from the person who sustains them and cast upon the whole community comprising the government, which could bear the loss with little hardship or inconvenience, and ought to do so. It must be conceded that this approach is not without logic and force.
However, in a great majority of jurisdictions, the rule of municipal nonliability for torts occasioned when a governmental function is being performed still obtains. Through a long line of decisions, extending to the present time, Ohio has consistently followed and applied the rule that, except as otherwise provided by statute, municipal corporations are exempt from liability for negligence in the performance or nonperformance of their governmental functions. Some of the representative cases are Frederick, Admx., v. City of Columbus, 58 Ohio St., 538, 51 N. E., 35; Aldrich v. City of Youngstown, 106 Ohio St., 342, 140 N. E., 164, 27 A. L. R., 1497; City of Akron v. Butler, 108 Ohio St., 122, 140 N. E., 324: City of Wooster v. Arbenz, 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518; City of Hamilton v. Dilley, 120 Ohio St., 127, 165 N. E., 713; City of Mingo Junction v. Sheline, Admx., 130 Ohio St., 34, 196 N. E., 897; Selden v. City of Cuyahoga Falls, 132 Ohio St., 223, 6 N. E. (2d), 976; Davis v. Charles Shutrump & Sons Co,, 140 Ohio St., 89, 42 N. E. (2d), *31 663; Tolliver v. City of Newark, 145 Ohio St., 517, 62 N. E. (2d), 357, 161 A. L. R., 1391; Wall, Jr., v. City of Cincinnati, 150 Ohio St., 411, 83 N. E. (2d), 389; and Standard Fire Ins. Co. v. City of Fremont, 164 Ohio St., 344, 131 N. E. (2d), 221. Perhaps we are behind the times, bnt, in the absence of legislation by the General Assembly, this court is not yet ready to abandon the position adopted and retained for so many years.
It is sometimes difficult to differentiate between activities which are governmental and those which are proprietary. In the case of City of Wooster v. Arbenz, supra, 284, Marshall, C. J., said in the course of the opinion:
“In performing those duties which are imposed upon the state as obligations of sovereignty, such as protection from crime, or fires, or contagion, or preserving the peace and health of citizens and protecting their property, it is settled that the function is governmental, and if the municipality undertakes the performance of those functions, whether voluntarily or by legislative imposition, the municipality becomes an arm of sovereignty and a governmental agency and is entitled to that immunity from liability which is enjoyed by the state itself. If, on the other hand, there is no obligation on the part of the municipality to perform them, but it does in fact do so for the comfort and convenience of its citizens, for which the city is directly compensated by levying assessments upon property, or where it is indirectly benefited by growth and prosperity of the city and its inhabitants, and the city has an election whether to do or omit to do those acts, the function is private and proprietary.
“Another familiar test is whether the act is for the common good of all the people of the state, or whether it relates to special corporate benefit or profit. In the former class may be mentioned the police, fire and health departments, and in the latter class utilities to supply water, light, and public markets.”
The next question presenting itself is whether the collection of garbage by a municipality, as one of its services, is governmental or proprietary in nature. Among the courts of the different states, there is a division of opinion on this subject, with probably a majority holding the collection of garbage to be a governmental activity as distinguished from a proprietary one, *32 with nonliability on the part of the municipality for the negligence of those employed therein. 38 American Jurisprudence, 311, Section 614; 63 Corpus Juris Secundum, 85, Municipal Corporations, Section 777; annotation, 156 A. L. R., 714.
Under Section 715.43, Revised Code, municipalities are accorded the authority to collect and dispose of garbage and other refuse and to maintain and regulate plants for the disposal thereof.
Ohio courts have been on both sides of the above-stated question. In the case of Russo, Admr., v. City of Cleveland (1917), 28 C. C. (N. S.), 25, 29 C. D., 445, the Court of Appeals for Cuyahoga County decided that the collection of garbage by a municipality is not a governmental function relieving it from liability for the death of a person occasioned by the negligence of an employee engaged in garbage collection. On error proceedings, such determination was upheld by this court without written opinion in City of Cleveland v. Russo, Admr., 98 Ohio St., 465, 121 N. E., 901, solely on authority of City of Toledo v. Cone, 41 Ohio St., 149, in which latter case it was decided that the city of Toledo was responsible for injuries received by an employee of a municipal cemetery due to the negligence of the cemetery superintendent.
Then, in 1927, the Court of Appeals for Cuyahoga County, with a different complement of judges, decided the case of Gorman v. City of Cleveland, 26 Ohio App., 109, 159 N. E., 136 (motion to certify record overruled), which in effect overruled the Russo case. In 1929, the same Court of Appeals in Sarley v. City of Cleveland, 30 O. L. R., 640, squarely held that a municipality in the collection of garbage performs a governmental function, and that an action for injuries resulting from the negligent operation of one of its garbage trucks might not be successfully maintained.
In 1938 appeared the case of Imes v. City of Fremont, 58 Ohio App., 335, 16 N. E. (2d), 584, decided by the Court of Appeals for Sandusky County (motion to certify record overruled), where it was unequivocally held that the collection and disposal of garbage by a municipal corporation are an exercise of the police power and a governmental undertaking, in the performance of which the municipality is not answerable for *33 the torts of its agents. Compare Shilling v. City of Cincinnati (1915), 22 C. C. (N. S.), 526, 34 C. D., 25; Poetker v. City of Portsmouth (1940), 64 Ohio App., 146, 28 N. E. (2d), 371; Bademan v. City of Cleveland, (1952), 66 Ohio Law Abs., 175, 116 N. E. (2d), 13, appeal as of right dismissed, 157 Ohio St., 578, 106 N. E. (2d), 295.
It would therefore appear that Ohio is now rather definitely committed to the proposition as stated in Imes v. City of Fremont, supra. Such position is in accord with the case of State, ex rel. Moock, v. City of Cincinnati. 120 Ohio St., 500, 166 N. E., 583, wherein it was held that measures pertaining to health and sanitation, including the collection and disposal of garbage, come within the police powers of government.
The suggestion has been made that the collection of garbage by a municipality is no more governmental in character than the maintenance and repair of sewers, that no good reason exists for differentiating between the two activities, and that this court has held the maintenance and repair of sewers, after construction, to be a ministerial or proprietary undertaking, in the doing of which, the municipality is not absolved from tort liability. See City of Portsmouth v. Mitchell Mfg. Co., 113 Ohio St., 250, 148 N. E., 846, 43 A. L. R., 961; City of Salem v. Harding, 121 Ohio St., 412, 169 N. E., 457; and Doud v. City of Cincinnati, 152 Ohio St., 132, 87 N. E. (2d), 243.
The cases last cited seem to rest on the theory that municipalities are under no obligation to construct or maintain sewers, that, when they do so, such activity is largely of local advantage and benefit, and that therefore sewer maintenance and repair like the operation of a waterworks or a plant producing electricity are essentially of a corporate or proprietary nature. On the other hand, the view has been adopted that the collection and disposal of garbage come within the governmental duty to protect and preserve public health generally and clearly represent the exercise of police power. Or, as the matter has otherwise been expressed, the accumulation of garbage within a municipality is deleterious to public health and safety, and the collection and disposal thereof by the municipality constitute a valid exercise of police power and represent a governmental function for the safeguarding of the public health.
*34 It may well be argued that the distinction attempted between sewer maintenance and repair and the collection of garbage is not a persuasive or valid one. This court has decided that the construction of a sewer by a municipality is a governmental function. Hutchinson v. City of Lakewood, 125 Ohio St., 100, 180 N. E., 643; and State, ex rel. Gordon, City Attorney, v. Taylor, 149 Ohio St., 427, 435, 79 N. E. (2d), 127, 131. If the matter were one of first impression here, there are members of this court who would place the maintenance and repair of sewers as well as their construction in the category of a governmental activity.
We can discover no compelling reason for disturbing the judgment of the Court of Appeals, and such judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Stewart, Matthias and Herbert, JJ., concur.
Bell and Taet, JJ., dissent.