Williams, J.
 

 By virtue of Section 3714, General Code, a municipality is required to keep its public grounds open, in repair and free from nuisance. Since parks owned and controlled by a municipality and maintained for the use and enjoyment of the general
 
 *412
 
 public are public grounds, -the duty imposed by statute rested upon defendant herein.
 
 City of Cleveland
 
 v.
 
 Ferrando,
 
 114 Ohio St., 207, 150 N. E., 747. There is, however, no evidence of defendant’s failure to- keep the park itself in repair and so, regardless of the construction placed upon the statute, there was no issue to submit to the jury as to negligence on the part of the defendant.
 

 Two principal questions are presented for determination: (1) Was there evidence of nuisance which required the submission of the cause to the jury? (2) If there was, did the court err to plaintiff’s prejudice in submitting the question of sole negligence of plaintiff’s decedent to the jury?
 

 One all-important reason why the question of nuisance confronts us at the outset is that, if defendant was entitled to a judgment as a matter of law on the issues made on the petition, the judgment for defendant on the verdict in the trial court should not be disturbed, for in that event substantial justice was done between the parties even though error in the instruction to the jury intervened.
 

 The evidence favorable to plaintiff upon the issue of nuisance, briefly summarized, shows this state of facts:
 

 These corrugated pipes had been in the park at the place where the boy was killed for a period of about two years prior to the fatal accident. During that time children played about the pipes and rolled them by getting within and throwing their weight against the inner side. The city’s park foreman had an office or headquarters from which he could see the area where the pipes were kept and had seen children playing there. The park police who operated out of the foreman’s office and had charge of guarding the park knew that children played with the pipes and rolled them about. Yet the city did not -block them or- in any other way remove the danger for the protection of children
 
 *413
 
 accustomed to play there. Though no one saw plaintiff’s decedent at the time he was run over, just after the event happened he was found with his head crushed, lying on the ground near the pipe which the other boys had been rolling.
 

 This is not a case of attractive nuisance existing upon private property. The conduit pipes were in a park dedicated to the public and, so far as the duty of the defendant was concerned, the children playing there were in the position of all persons who visited the park for their advantage or pleasure. The unblocked pipes being attractive to the children and lacking anchorage became a dangerous plaything upon public property. Under these circumstances the issue of nuisance was properly submitted to the jury.
 

 Was sole negligence of decedent an issue?
 

 The plaintiff maintains that prejudicial error was committed in giving before argument defendant’s “request to charge No. 5,” on that subject:
 

 “If you find from a preponderance of all the evidence that Ronald Gottesman was of sufficient age, intelligence and experience to realize the danger of the situation in which he found himself immediately before his death; and you further find that he failed to exercise for his own safety such prudence as children of like age, intelligence, education and experience would have exercised in the same or similar circumstances, which solely and proximately brought about his death, your verdict must be for the defendant.”
 

 No instruction, given before argument, covered the subject of contributory negligence and the charge proper makes no reference to negligence of plaintiff’s decedent except to quote the plea of sole negligence contained in the answer.
 

 Sole negligence never becomes an affirmative defense, was not properly pleaded as such herein, and at best could tend only to negative the averment that the
 
 *414
 
 alleged nuisance was
 
 a
 
 proximate cause of the child’s death
 
 Glass
 
 v.
 
 William H. Heffron Co.,
 
 86 Ohio St., 70, 98 N. E., 923;
 
 Hanna
 
 v.
 
 Stoll,
 
 112 Ohio St., 344, 348, 147 N. E., 339.
 

 If the question of decedent’s negligence was a matter to be considered at all, the doctrine of contributory negligence should have been included in the court’s charge, for in this jurisdiction such a defense need not be pleaded. It is proper then to consider what was the correct course in this respect.
 

 Plaintiff’s decedent, Ronald Gottesman, was a boy 4 years, 10 months and 25 days of age. Evidence shows him to have been a child of intelligence. He had not been to school but his mother had taught him to read and write the alphabet and he had attended Sunday school. He had done errands for the neighbors and had frequently gone to the stores to buy things for them. He had helped other children to make lemonade and sell.it. He had also done things of a similar nature which showed him to be strong physically as well as bright mentally.
 

 At common law a child between the ages of 7 and 14 was presumed to be incapable of committing a crime'. This was a rebuttable presumption; but a child under 7 years of age was conclusively presumed to be incapable of criminal conduct. By analogy the rule has been applied to contributory negligence in a few states
 
 Eckhardt
 
 v.
 
 Hanson,
 
 196 Minn., 270, 264 N. W., 776, 107 A. L. R., 1.
 

 Ohio, like most of the other states, has not accepted the crime analogy; although Judge Spear in
 
 L. E. & W. Rd. Co.
 
 v.
 
 Mackey,
 
 53 Ohio St., 370, at page 383, 41 N. E., 980, in referring to the accepted rule of criminal law said that “it would seem that the principle should have application to-a case of negligence.” In
 
 De Groodt. v.
 
 Skrbina, 111 Ohio St., 108, at page 113, 144 N. E., 601, 38 A. L. R., 591, action was brought to re
 
 *415
 
 cover for the wrongful death of a child six years of age. The rule is laid down in the first paragraph of the syllabus in this language:
 

 “For the purpose of preventing travel upon a newly constructed pavement, a contractor erected a barricade on the street, consisting in part of a two-horse dump wagon which was permitted to be unsecured in a vicinity where children were accustomed to play therewith. This, together with the danger that might result to the children therefrom, was brought to the knowledge of such contractor. A child under six years of age was injured by the dump wagon so placed; and if, under the circumstances, reasonable care was not exercised by the contractor in leaving the dump wagon in a secure condition, thereby causing the death of such child, the contractor becomes liable. ”
 

 In the opinion Judge Jones stated:
 

 “In view of the infant’s age he could not be held culpable of contributory negligence, since an infant of five or six years could hardly appreciate the danger imminent from starting this dump wagon down the descending grade of the street. ’ ’
 

 As to children between 4 and 5, it has generally been held that they cannot be guilty of contributory negligence and that such issue should not be submitted to the jury. Annotation, 107 A. L. R., 102.
 

 If it Would have been error to charge contributory negligence, it was indeed error to charge sole negligence. The underlying principle is that a child of such tender years, lacking judgment and discretion, cannot be guilty of negligence. There was some evidence of the deceased child’s precocity and capability as heretofore stated; but this evidence does' not tend to show such maturity of mind and judgment and appreciation of danger as to present an exception to the general rule. Holding to the principle that every such case must stand upon its own footing, we reach the
 
 *416
 
 conclusion, that under the evidence, in the instant case plaintiff’s decedent did not have capacity to he guilty of negligence. Charging contributory negligence, when not in the case, has been held to be prejudicial error.
 
 Cincinnati Traction Co.
 
 v.
 
 Forrest,
 
 73 Ohio St., 1, 75 N. E., 818;
 
 Cincinnati Traction Co.
 
 v.
 
 Stephens,
 
 75 Ohio St., 171, 79 N. E., 235. By parity of reasoning, instructing on sole negligence herein likewise would be prejudicial error.
 

 Yet defendant maintains in effect that under the two-issue rule pronounced in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, and kindred cases, the instruction on sole negligence, though erroneous, was not prejudicial to plaintiff. For reasons pointed out, the only real issue was that presented by the allegations of the petition, in respect to nuisance as proximate cause of the death of plaintiff’s decedent, and the general denial. As there was but one issue which could properly be submitted to the jury, obviously the two-issue rule could not apply.
 

 Injecting into the case the issue of sole negligence was prejudicial to the plaintiff, and for error in doing so the judgments of the courts below are reversed and the cause remanded to the Court of Common Pleas for a new trial.
 

 Judgment reversed and cause remanded.
 

 WeyganUt, C.
 
 J.,
 
 Hart and Zimmerman, JJ., concur.
 

 Matthias and'Turner, JJ.-, concur in paragraph one of the syllabus and in the judgment.
 

 Bell, J., concurs in paragraphs one and three of the syllabus and in the judgment.