Matthias, J.
 

 These actions are based upon the charge of negligence and the claim that the rifle range, constructed, maintained, controlled, used and operated by the village of Wyoming on public grounds in and belonging to the village together with the permitted and encouraged use thereof by children, constituted a nuisance which is violative of Section 3714, General Code,- and that the injury which is the basis of these actions was the proximate result thereof.
 

 The Court of'Appeals held that the judgment in each case is contrary to law and that the Court of Common Pleas should have entered judgment for the defendant. Such judgments were accordingly entered by the Court of Appeals.
 

 It is elementary that in considering the validity of such a judgment the truth of the evidence submitted on behalf of the plaintiff must be assumed and the evidence construed most strongly in his favor, he being-entitled to the benefit of the reasonable inferences to be drawn from the evidence.
 

 The Court of Appeals ’ decisions, as indicated in its opinion, were based upon the conclusion that “this
 
 *494
 
 action
 
 * * *
 
 resolves itself into a mere suit to recover damages for injuries received by tbe plaintiff, as a proximate result of tbe failure of tbe village to enforce a penal statute against persons using tbe public grounds of tbe village.”
 

 Authorities need not be cited for tbe proposition that a municipality is not liable for mere failure to perform, or for damages caused by it in tbe performance of, governmental functions.
 

 However, we have here tbe question whether tbe fact that tbe particular act causing tbe injury was a violation of law removes .from tbe realm of nuisance tbe condition created and maintained by tbe village wbicb provided tbe very means for tbe commission of tbe act wbicb caused tbe injury.
 

 It must be conceded that tbe liability of tbe village, if any, arose out of its failure to comply with tbe requirements of Section 3714, General Code, to keep its public grounds “open, in repair, and free from nuisance.”
 

 Tbe trial court submitted tbe case to tbe jury on tbe nuisance theory only.
 

 In tbe case of
 
 Taylor
 
 v.
 
 City of Cincinnati,
 
 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44, nuisance is defined, in tbe syllabus, as follows:
 

 “Absolute nuisance, for wbicb strict liability or liability without fault is imposed by law, may be defined as a distinct civil wrong arising or resulting from tbe invasion of a legally protected interest, and consisting of an unreasonable interference with tbe use and enjoyment of tbe property of another; tbe doing of anything or tbe permitting of anything under one’s control or direction to be done without just cause or excuse, tbe necessary consequence-of wbicb interferes with or annoys another in tbe enjoyment of bis legal rights; tbe unlawfully doing of anything or tbe permitting of anything under one’s control or direction
 
 *495
 
 to be clone, which results in injury to another; or the collecting and keeping on one’s premises anything inherently dangerous or likely to do mischief, if it escapes, which, escaping, injures another in the enjoyment of his legal rights. * * *
 

 “As distinguished from absolute nuisance, a qualified ■nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm, which, in due course, results in injury to another.”
 

 This court held in the case of
 
 City of Cleveland
 
 v.
 
 Ferrando, a Minor,
 
 114 Ohio St., 207, 150 N. E., 747, as follows:
 

 “Municipally owned and controlled parks, established and' maintained for, and open to the general public, are ‘public grounds’ within the meaning of that phrase in Section 3714, General Code, and by that section the duty is imposed upon municipalities to keep them free from nuisance.”
 

 The duty imposed upon municipalities by the provisions of Section 3714, General Code, was somewhat emphasized in the more recent case of
 
 Gottesman, Admr.,
 
 v.
 
 City of Cleveland,
 
 142 Ohio St., 410, 52 N. E. (2d), 644, wherein this court held there was a basis for recovery from the.city by reason of its failure to keep its public grounds free from nuisance. The city permitted Corrugated pipes to remain in one of its parks, without being blocked or secured in any way, for a long period of time during which children played with them by getting inside and causing them to roll about, all with the knowledge of the municipality. In that case, as in these, there was “no evidence of defendant’s, failure to keep the park itself in repair and so, regardless of the construction placed upon the statute, there was no issue to submit to the jury as to negligence on the part of the defendant.”
 

 
 *496
 
 In that case it was charged that the dangerous condition characterized as a nuisance consisted of corrugated pipes which were permitted to remain in a public park for a long period of time unblocked or otherwise secured.
 

 The complaint in the instant cases, in support of which evidence was adduced, is not only that the' municipality permitted the existence of a condition characterized as a nuisance, but that the municipality, by constructing and maintaining the rifle range on its public grounds within the confines of the village, which rifle range, though designed primarily for the use of the members of the police force, was used for target practice by children through and as a result of the procurement and encouragement and later by the permission of the chief of police and members of the police force, not only did not keep the public grounds free from, but had actually created and maintained the nuisance which resulted in the injury complained of.
 

 It is contended that the village itself thus brought about the violation of Section 12635, General Code, which reads:
 

 “Whoever * * * shoots or fires a gun or pistol at a target within the limits of a municipal corporation, shall be fined not less than five dollars nor more than fifty dollars.”
 

 A situation similar to that involved in the instant case appeared in a case decided by the Supreme Court of Pennsylvania,
 
 Stevens
 
 v.
 
 Pittsburgh,
 
 329 Pa., 496, 198 A., 655. The judgment of the Superior Court was affirmed on the opinion of that court (129 Pa. Sup., 5, 194 A., 563).
 

 There the court held that it is “well established that a municipality in supervising, regulating and controlling the actions of persons upon its streets is acting ■In its governmental capacity and therefore is not liable lor the failure of its police officers and employees to
 
 *497
 
 protect residents and travelers from injuries caused by the dangerous or negligent conduct of other persons permitted to occupy its highways.”
 

 However, the court further stated:
 

 “Promiscuous shooting in the park by the city’s permittees or invitees was clearly a highly dangerous activity and such a use of the city’s land as would be likely to cause injury to other persons, outside of as well as within the park. * # # It is not an unwarranted extension of tort liability, under such circumstances, to impose upon the city, in its proprietary capacity, the duty to take reasonable measures to prevent or control such conduct by its permittees upon its land.”
 

 That court took the view that “the breach of duty here was not the failure of the city as a subdivision of the state properly to police, as in the street- cases, but rather a failure in its proprietary capacity as a landowner to abate a dangerous condition existing upon its property of which it had notice. That the only way to abate the nuisance might incidentally be through the use of its police officers or other employees does not make the breach of duty essentially a failure to exercise a governmental function. ’ ’
 

 A municipality, which by overt acts not only permits and encourages but also provides the means for the violation of law by invitees upon public grounds owned by it within the municipality, may be held liable for the creation and maintenance of a nuisance even though in the proper exercise of police power such violation should have been suppressed or offenders apprehended and punished. If it were otherwise, then a municipality, which not only permits and encourages but also actively participates in the creation and maintenance of a dangerous and unlawful condition and use of its public grounds within the municipality, would be exempt from damages in an action based upon nuisance, by reason of the fact that the violation could
 
 *498
 
 have been suppressed or offenders apprehended and punished, while a municipality, which by reason of its mere negligence resulting in a condition properly denominated a nuisance, would be held liable for the damage thereby caused.
 

 It is our view, therefore, that it was error to hold, as was decided and announced by the Court of Appeals, that the construction, maintenance, use and operation of the rifle range, as disclosed by the records in these cases, as a matter of law, do not constitute a nuisance. A jury question was presented and properly submitted.
 

 The maintenance of a nuisance is, of course, not sufficient to support a verdict and-judgment. It must also be shown by the evidence that the injury incurred was the proximate result of the maintenance of such nuisance. Upon this element the jury was also properly instructed.
 

 The judgments of the Court of Appeals are accordingly reversed, and the judgments of the Court of Common Pleas affirmed.
 

 Judgments reversed.
 

 Weygandt, C.- J., Turner, Hart and Bell, JJ., concur.
 

 Sohngen, J., not participating.