Weygandt, C. J.
 

 The plaintiff has based his action on the theory of a nuisance created by the defendant city in violation of the provisions of Section 3714, General Code, reading as follows:
 

 “Municipal corporations shall have special power to regulate the use of the streets, to he exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, acqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
 

 At the threshold of this discussion is should be observed that the plaintiff makes no contention concerning an
 
 absolute
 
 nuisance.
 

 And the defendant concedes that under the first paragraph of the syllabus in the case of
 
 City of Hamilton
 
 v.
 
 Dilley,
 
 120 Ohio St., 127, 165 N. E., 713, “the duty imposed upon municipalities in Ohio by Section 3714, General Code, to keep its streets free from nuisance, is an exception to the rule of common law that no liability attaches to a municipality for negligence in the discharge of a governmental function.”
 

 
 *415
 
 However, the parties are in vigorous disagreement as to whether the properly pleaded facts are sufficient to show a
 
 qualified
 
 nuisance resulting from negligence. The plaintiff relies on two paragraphs of the syllabus in the case of
 
 Taylor
 
 v.
 
 City of Cincinnati,
 
 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44, in which this court held:
 

 “3. As distinguished from absolute nuisance, a qualified nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm, which, in due course, results in injury to another.
 

 “4.
 
 Section 3714, General Code, requiring a municipality to keep its streets open, in repair and free from nuisance, does not enjoin upon municipalities a specific legal requirement, but provides a general rule of conduct and makes negligence the basis of liability for its violation, unless an absolute nuisance is proven to exist.”
 

 In determining whether the properly pleaded facts show a qualified nuisance it should be noted that the defendant was engaged in cleaning work which the law not only does not prohibit but requires, namely, that the city care for its streets and viaducts. It should be observed, too, that the factual allegations contain nothing tending to show other than a normal operation of the cleaning machinery.
 

 Furthermore, as stated by the Court of Common Pleas, the nuisance complained of in the plaintiff’s petition does not relate to a condition or defect in the street itself. Among the decisions cited by the plaintiff is the
 
 Dilley case, supra,
 
 which involved a raised, unlighted platform in a safety zone constructed in the street. The case of
 
 Yackee
 
 v.
 
 Village of Napoleon,
 
 135 Ohio St., 344, 21 N. E. (2d), 111, involved an overhead bridge constructed with insufficient clearance.
 
 *416
 
 The case of
 
 Gottesman, Admr.,
 
 v.
 
 City of Cleveland,
 
 142 Ohio St., 410, 52 N. E. (2d), 644, related to large corrugated conduit pipes which the city permitted to remain loose on the ground in one of its public parks for a long period of time. The
 
 Taylor case, supra,
 
 involved a large elm tree located about twenty inches outside the paved portion of the road but within the dedicated limits thereof. The case of
 
 Gaines
 
 v.
 
 Village of Wyoming,
 
 147 Ohio St., 491, 72 N. E. (2d), 369, related to a rifle range constructed and maintained by the municipality on its public grounds.
 

 The defendant relies strongly on the decision of this court in the case of
 
 City of Wooster
 
 v.
 
 Arbenz,
 
 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518. In the third paragraph of the syllabus relating to the obligations imposed by the provisions of Section 3714, General Code, the court unanimously held as follows:
 

 £<3. The duties and obligations thus imposed are in derogation of the common law and must therefore be strictly construed, and the provisions of that legislation cannot by implication, or interpretation be extended to make a municipality liable for the negligence of its servants while engaged in the act of making improvements to streets, unless such negligence relates to a condition of the street itself and the damage is caused by a defective condition thereof.”
 

 That case involved a collision between the plaintiff’s automobile and a truck owned and operated by the defendant city while engaged in hauling cinders for the repair of a street. The trial court directed a verdict in favor of the defendant. That judgment was reversed by the Court of Appeals. Then on an appeal to this court the judgment of the Court of Appeals was reversed and that of the Court of Common Pleas affirmed. That decision never has been overruled.
 

 Hence, in the instant case this court is in agreement
 
 *417
 
 with the lower courts that the particular circumstances alleged in the plaintiff’s petition do not show a qualified nuisance.
 

 In the absence of such allegations it is unnecessary to consider the further question of contributory negligence on the part of the plaintiff himself.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Sohngen and Stewart, JJ., concur.
 

 Hart, J., concurs in paragraphs one and two of the syllabus and in the judgment, but dissents from paragraph three of the syllabus.
 

 Zimmerman, J., concurs in paragraphs one and two of the syllabus, but dissents from paragraph three of the syllabus and from the judgment.
 

 Turner, J., not participating.