Matthias, J.
Plaintiffs argue, in effect, that Brookside Park is a public ground, and that, since Section 723.01, Revised Code, enjoins upon a municipal corporation the duty of keeping its public grounds free from nuisance and since dynamiting has been declared to be an absolute nuisance, it follows that the city of Cleveland is liable for all damages proximately caused by the use of dynamite in or on the public ground here in question.
In his exhaustive survey of the subject of municipal liability under Section 3714, General Code (now Section 723.01, Revised Code), in Taylor v. City of Cincinnati, 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44, Judge Hart examined *139 the questions of negligence and nuisance, and, in paragraph four of the syllabus, the court held that “Section 3714, General Code, requiring a municipality to keep its streets open, in repair and free from nuisance, does not enjoin upon municipalities a specific legal requirement, but provides a general rule of conduct and makes negligence' the basis of liability for its violation, unless an absolute nuisance is proven to exist.”
Of course, plaintiffs here contend that the use of dynamite is an absolute nuisance (citing, among others, the case of Bradford Glycerine Co. v. St. Marys Woolen Mfg. Co., 60 Ohio St., 560, 54 N. E., 528, 71 Am. St. Rep., 740, 45 L. R. A., 658), and that liability is, therefore, imposed by the provisions of Section 723.01, Bevised Code, as construed by paragraph four of the syllabus of the Taylor case, supra. Plaintiffs contend further that the case of Louden v. City of Cincinnati, 90 Ohio St., 144, 106 N. E., 970, L. R. A. 1915E, 356, Ann. Cas. 1916C, 1171, supports their argument that a city may be held liable for damages resulting from the use of dynamite. However, the statement of facts in the Louden case clearly indicates that the municipality there was considered to be acting in a proprietary capacity in the operation of its waterworks system. Thus, while we are in wholehearted accord with the general rules of law established by the syllabus of that ease, it is apparent that such general rules of law cannot, and were not intended to, apply where the municipality is found to be acting in a governmental capacity. Further, plaintiffs ’ contention is necessarily precluded by Judge Hart’s statement in the Taylor case that “municipalities, in their management and control of their streets and public grounds, act in a governmental capacity and hence are not liable in such connection unless liability is expressly imposed by statute.”
In the case of Standard Fire Ins. Co. v. City of Fremont, 164 Ohio St., 344, 131 N. E. (2d), 221, Judge Hart again considered a question of municipal liability under Section 3714, General Code (Section 723.01, Bevised Code). In his opinion in that case, he said:
“* * * The subject matter of the statute — ‘public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts ’ — relates specifically to traditional areas used only for the purpose and means of travel. The term, *140 ‘public grounds,’ contemplates areas to which the public may resort and within which it may walk, drive or ride, etc. It is apparent also that the terms, ‘street’ and ‘sidewalk,’ have the connotation, not of platted street areas, but of areas actually used by the public in travel. Next, it is appropriate to note the scope and character of the duties imposed on a municipality by the statute — to keep these travel areas named ‘open’ to public travel; ‘in repair,’ so as to accommodate and make safe travel over such areas; and ‘free from nuisance,’ which must relate back and be confined to the travel areas specifically named in the statute.
“* * * Over and over again the. courts have declared that such areas shall be the responsibility of the municipalities, to the extent named in the statute, to persons traveling upon the streets ‘in the usual modes of travel.’ City of Dayton v. Glaser, supra [76 Ohio St., 471, 81 N. E., 991,12 L. R. A. (N. S.), 916]; Gibbs v. Village of Girard, 88 Ohio St., 34, 102 N. E., 299; City of Troy v. Brady, 67 Ohio St., 65, 69, 65 N. E., 616; Drake v. City of East Cleveland, supra [101 Ohio St., 111, 127 N. E., 469]; Taylor v. City of Cincinnati, supra; Dekant v. City of Cleveland, 155 Ohio St., 498, 99 N. E. (2d), 609; City of Wooster v. Arbenz, supra [116 Ohio St., 281, 156 N. E.,.210, 52 A. L. R., 518].
CC # # #
“* # # ^ ease of Gottesman, Admr., v. City of Cleveland, 142 Ohio St., 410, 52 N. E. (2d), 644, the defendant city was held liable in damages under the statute for injuries to a child caused by the rolling of pipes negligently piled on a park area; and in the case of Gaines v. Village of Wyoming, 147 Ohio St., 491, 72 N. E. (2d), 369, the defendant village was held liable in damages under the statute to a person injured in a public park through the operations of a rifle range open to the public with the permission of the village. In those cases, liability was imposed upon the municipalities for neglect to keep the parks as ‘public grounds’ ‘free from nuisance’ for the benefit of persons entitled to use and using such park areas for the purposes for which they were created and established, and for that reason the responsibility of the municipalities to keep the park areas free from nuisance was not limited to the streets and highways located within such parks.” (Emphasis added in part.)
*141 From this it is apparent that, although the city of Cleveland might be liable for damages proximately caused by the absolute nuisance of dynamiting in its public park to “persons entitled to use and using such park areas for the purposes for which they were created and established,” such liability has been limited by the interpretations of the statute by this court to such persons and does not extend to others.
Since it is undisputed that the plaintiffs herein were not using ‘‘ such [Brookside] park areas for the purposes for which they were created and established,” the conclusion is inescapable that the city has incurred no liability to these plaintiffs under Section 723.01, Revised Code, and that its dismissal from the action by the Common Pleas Court was proper.
It is argued also that the damage to plaintiffs’ building, alleged to have been caused by the dynamiting and blasting “on or about October 9,1953, at or about 5:30 o’clock p. m.,” in the words of plaintiffs’ petition, resulted in an appropriation fro tanto of plaintiffs’ property, for which they are entitled to compensation under Section 19, Article I of the Constitution of Ohio. The cases of City of Norwood v. Sheen, Exr., 126 Ohio St., 482, 186 N. E., 102, 87 A. L. R., 1375, and Lucas v. Carney et al., Board of County Commrs., 167 Ohio St., 416, 149 N. E. (2d), 238, are cited in support of such argument. However, it is apparent from a reading of those cases that the rules of law announced therein do not contemplate as a taking fro tanto impact damage to real property resulting from a single isolated act of either negligence or nuisance on the part of a municipality.
Accordingly, the judgment of the Court of Appeals is affirmed, and final judgment is rendered for the defendant city of Cleveland.

Judgment affirmed and final judgment for defendant city of Cleveland.

Zimmerman, Taet and Herbert, JJ., concur.
Weygandt, C. J.,
dissents on the authority of Louden v. City of Cincinnati, 90 Ohio St., 144, 106 N. E., 970, L. R. A. 1915E, 356, Ann. Cas. 1916C, 1171.