(No. 7376—Decided August 4, 1964.)

Mr. *Morton Y. Reeves*, for appellant.
Messrs. *Wiles, Doucher, Tressler & Martin*, for appellee.

DUFFY, P. J.   This is an appeal from a judgment of the Common Pleas Court of Franklin County entered on a verdict in favor of the defendant, appellee herein.

The plaintiff, appellant herein, was a five-year-old boy who was struck by the car driven by the defendant.   The evidence indicated that the defendant was traveling west on Buckingham Street at approximately 15 or 20 miles an hour.   As she reached the intersection of Lexington Avenue, she noticed the plaintiff and his seven-year-old brother standing on the northwest corner of Buckingham Street and Lexington Avenue.   As defendant proceeded through the intersection, the plaintiff darted out into the street in a southwesterly direction.   The plaintiff put on her brakes and swerved to the left in order to avoid the boy, hoping that he would see her and stop.   She was fearful of swerving to the right because of the other boy.

In his charge to the jury, the trial judge included the following statements:

"You are instructed that a child of the age of the plaintiff is unable to exercise ordinary care for its own safety and isn't capable of contributory negligence.   Therefore, you will not consider the defense of contributory negligence.   The only issue of negligence is whether or not the defendant negligently and proximately caused the injuries to the plaintiff.

"One of the issues in this case is whether or not the plaintiff child committed any act or acts of contributory negligence, that is negligence which contributed in any degree to proximately cause the injury. The conduct of children is not measured by the same rules that apply to adults. At the time in question the plaintiff child was a child five years and I believe a couple of months or just slightly over five years of age. There is a presumption that a child of this age lacks the capacity to sufficiently take care of itself. This presumption is rebuttable and may be overcome by the testimony. It is your duty to determine from the evidence whether this particular child was of sufficient age, capacity, education and experience to be capable of exercising any degree of ordinary care for his own safety. If you find that because of his age, plaintiff was not capable of exercising any degree of care for his own safety, then negligence and violation of a statute by the child cannot defeat his right to recover if you otherwise find that he is entitled to recover."

The only specific assignment of error made by the plaintiff is that the trial court erred in charging the jury as to contributory negligence of the plaintiff, a minor.

The defendant does not contend that the charge of the trial judge was not erroneous, but claims that the two-issue rule comes into play and the question of contributory negligence must be set aside and the appeal denied because the charge as to the negligence of the defendant was proper. It is difficult to believe that a trial judge would tell the jury "you will not consider the defense of contributory negligence," and then charge the jury as to the law in regard to the issue of contributory negligence on the part of the plaintiff. We find that such a charge is error.

If the trial judge should have charged on contributory negligence, the two-issue rule could apply to this situation. See *Knisley* v. *Community Traction Co.*, 125 Ohio St. 131, and *Bush, Admr.,* v. *Harvey Transfer Co.*, 146 Ohio St. 657. From the case of *Bush* v. *Harvey Transfer Co.*, it is clear that unless there is evidence bearing upon the contributory negligence of the plaintiff, the trial judge should not charge on contributory negligence. To do so is prejudicial error and possibly makes unnecessary any consideration of the two-issue rule. See concurring opinion in the *Bush case, supra,* at page 673. If the

plaintiff had been an older person, there would be no question as to the correctness of a charge of contributory negligence in such a situation, but because of the plaintiff's age, it is questionable whether he could be contributorily negligent. The Supreme Court of Ohio, in the case of *Gottesman, Admr.*, v. *City of Cleveland*, 142 Ohio St. 410, adopted the following rule for the trial courts to follow (second paragraph of the syllabus):

"A child between the ages of 4 and 5 years, in the absence of evidence that he has discretion and understanding to appreciate a danger which confronts him, is not chargeable with negligence."

See, also, *DeGroodt, Exrx.*, v. *Skrbina, Admr.*, 111 Ohio St. 108.

From our review of the transcript of testimony, we fail to see where there is any evidence bearing upon the plaintiff's discretion and understanding to appreciate the danger. Since neither negligence nor contributory negligence can be presumed in the absence of evidence, we believe the first paragraph of the quoted charge of the trial judge was the proper charge based on the evidence presented to the jury. Since there was no issue of contributory negligence applicable to the facts in this case, the two-issue rule does not apply, and we must hold that the charge on contributory negligence was erroneous and was prejudicial to the plaintiff.

As to the plaintiff's contention that the defendant was negligent as a matter of law and that the trial judge also committed error in his charge of negligence of the defendant, we do not agree. The question of negligence on the part of the defendant was properly one for the jury to decide.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

Bryant and Troop, JJ., concur.