GABRIS, A MINOR, ET AL., APPELLEES, *v.* BLAKE; CITY OF COLUMBUS, APPELLANT.

(No. 40171—Decided February 8, 1967.)

72

*Messrs. Buchanan & Fuller* and *Mr. Otis C. Buchanan,* for appellees.

*Mr. John C. Young,* city attorney, *Mr. Alba L. Whiteside* and *Mr. James R. Kirk,* for appellant.

ZIMMERMAN, J.  It is alleged in the petition that the police cruiser was being operated on business of the city at the time it struck Roger, and bare negligence is charged against the city.  The case of *Aldrich* v. *City of Youngstown,* 106 Ohio St. 342, 140 N. E. 164, holds that "the creation and maintenance of a police department by a municipality are done in the exercise of its governmental functions."  And the second paragraph of the syllabus of that case reads:

"A municipal corporation is not, in the absence of a statutory provision, liable in damages to one injured for the negligent acts of its police department, or any of its members."

Although subjected to criticism and attack, a long established rule in this state is that "except as otherwise provided by statute, municipal corporations are exempt from liability for negligence in the performance * * * of their governmental functions."  *Broughton* v. *City of Cleveland,* 167 Ohio St. 29, 30, 146 N. E. 2d 301, 303, and cases cited.

Section 701.02, Revised Code, after making municipal corporations liable for the operation of vehicles by its officers, agents and servants in the circumstances described, further recites:

"The defense that the officer, agent, or servant of the muni-

cipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of:

"(A) Members of the police department engaged in police duties."

In reversing the judgment of the Municipal Court, the Court of Appeals relied on Section 723.01, Revised Code, which provides:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

This court has recently reiterated that such section is to be strictly construed in favor of a municipality engaged in the exercise of governmental functions. *Geideman* v. *City of Bay Village,* 7 Ohio St. 2d 79, 218 N. E. 2d 621.

This court has also held that the scope and application of Section 723.01, Revised Code, as to public highways and streets are limited to conditions affecting the actual physical condition of the highways or streets themselves. *City of Wooster* v. *Arbenz,* 116 Ohio St. 281, 156 N. E. 210, 52 A. L. R. 518, and *Standard Fire Ins. Co.* v. *City of Fremont,* 164 Ohio St. 344, 131 N. E. 2d 221. See, also, *Wall* v. *City of Cincinnati,* 150 Ohio St. 411, 83 N. E. 2d 389. Compare *Tolliver* v. *City of Newark,* 145 Ohio St. 517, 62 N. E. 2d 357, 161 A. L. R. 1391; *Imfeld, Admr.,* v. *City of Hamilton,* 166 Ohio St. 11, 138 N. E. 2d 649; and *Fritz, a Minor,* v. *City of Columbus,* 5 Ohio St. 2d 53, 213 N. E. 2d 730.

The case of *Gottesman, Admr.,* v. *City of Cleveland,* 142 Ohio St. 410, 52 N. E. 2d 644, involved a dangerous condition in a public park, which had existed for a long time and of which the city was cognizant.

The case of *Gaines* v. *Village of Wyoming,* 147 Ohio St. 491, 72 N. E. 2d 369, had to do with a situation where on public grounds the city over a period of time had permitted, encouraged and provided the means for the unlawful discharge of firearms, whereby one lawfully on such grounds was wounded.

The two cases last cited dealt with unsafe conditions permitted by municipalities on public grounds over appreciable lengths of time which constituted nuisances, and, because of which, injury to persons frequenting the grounds was fairly to be anticipated.

We submit that the *Gottesman* and *Gaines cases*, grounded on nuisance, are distinguishable from the present one, where a moving police vehicle at a particular time was proceeding on governmental business, with negligence claimed as to its condition and operation.

In several of its decisions this court has suggested that, if municipal corporations are to be made generally liable for torts committed by them in governmental operations, the General Assembly is the agency to say so. As yet, the legislative body has not responded to the suggestion.

The judgment of the Court of Appeals is reversed and that of the Municipal Court affirmed.

*Judgment reversed.*

MATTHIAS, O'NEILL and BROWN, JJ., concur.
TAFT, C. J., HERBERT and SCHNEIDER, JJ., dissent.

TAFT, C. J., dissents for the reasons stated in the opinion of the Court of Appeals (5 Ohio App. 2d 57, 214 N. E. 2d 247).

HERBERT and SCHNEIDER, JJ., concur in the foregoing dissent.