{¶ 1} Plaintiffs-appellants Scott and Ann Friga, son and mother, appeal from summary judgments entered against them on their claims of malicious prosecution, emotional neglect, negligence and consortium claims made against defendants-appellees the City of East Cleveland, the mayor and law director of the city of East Cleveland, and officers Hicks and Cargile of the city of East Cleveland Police Department[1]. The court granted summary judgment on grounds that the appellees were immune from suit under R.C. Chapter 2744. The court also found that appellants had failed to establish essential elements of their claims for malicious prosecution and false arrest. We conclude that the court correctly granted summary judgment. Defendant-appellees were immune from suit under R.C. 2744.03 as a matter of law, and appellants failed to establish any of the exceptions to statutory immunity. This conclusion is dispositive and moots consideration of the remaining assignments of error under App.R. 12(A)(1)(c).
 {¶ 2} Pursuant to Civ.R. 56(C), we view the contested facts in a light most favorable to appellants, the non-moving parties. Those facts show that appellant[2] and his ex-wife were divorced pursuant to the terms of a separation agreement that the domestic relations division reduced to judgment. They agreed to share parental *Page 3 
rights and be "co-residential" parents, although the mother's residence would be used for school purposes. They agreed that appellant would have the children overnight every Tuesday, every Friday from 4:00 p.m. to 7:00 p.m., and every other weekend from Friday at 4:00 p.m. to Sunday at 6:00 p.m. The parties agreed that "punctuality is of importance to both parties and the children," and that should appellant be more than thirty minutes late for a scheduled visitation, the mother could make alternative plans with the children.
 {¶ 3} On June 14, 2004, city police officers were dispatched to an address at which appellant had been visiting with his children. The ex-wife complained that he had not returned the children following the visitation period. One of the officers, defendant Randy Hicks, submitted an affidavit in which he said that the ex-wife presented him with a copy of a journal entry of divorce, including a shared parenting agreement. The officer examined the entry and, after consultation with a superior officer, concluded that the ex-wife was entitled to custody of the children.
 {¶ 4} When the officer arrived at appellant's house, he verified that two of the children covered by the visitation order were present. The officer showed appellant a copy of the divorce decree, but appellant insisted that the decree was not the correct one and that he was entitled to custody of the children under a different order. Appellant's affidavit does not indicate whether he produced the order under which he claimed custody. The officer's affidavit states that he gave appellant time to produce this document, but appellant claimed that he did not have it in his *Page 4 
possession. When told that he would have to return the children to the ex-wife, appellant stated, "then arrest me. I'm not giving up my kids to her." The officer then arrested appellant for custodial interference. During the ride to the police station, appellant said in reference to his ex-wife that when he made bond, he was "going to kill that bitch."
 {¶ 5} The city charged appellant with interference with custody and domestic violence. This charge was filed with the clerk of the East Cleveland Municipal Court in Case No. 04-CRB-00603. At the police station, defendant-police officer Christopher Cargile filled out the booking form. In an affidavit, he said that his actions consisted of taking down appellant's "personal information." Officer Cargile took no part in appellant's arrest.
 {¶ 6} The ex-wife obtained a temporary protection order that appellant claims "all but prevented" him from having any contact with his children. This order was filed with the clerk of the East Cleveland Municipal Court.
 {¶ 7} As his criminal case for interference with custody neared its trial date, appellant filed a motion to dismiss the complaint on speedy trial grounds. On the date of trial, the court dismissed the complaint on speedy trial grounds.
 I {¶ 8} R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental functions and proprietary functions. As a general rule, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to *Page 5 
person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function."
 {¶ 9} It is uncontested that the city of East Cleveland is a political subdivision. Moreover, the maintenance and operation of a police department by a municipality is a governmental function. See R.C.2744.01(C); Gabris v. Blake (1967), 9 Ohio St.2d 71, paragraph two of the syllabus; McCloud v. Nimmer (1991), 72 Ohio App.3d 533, 538. Hence, the city is immune from suit under R.C. 2744.02(A)(1)[3]. Consequently, the city and, by extension the police department, were entitled to be dismissed from the action.
 II {¶ 10} Individual employees of a political subdivision are likewise immune from civil actions to recover damages for "injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function." An exception to individual immunity exists, as argued in this appeal, if it can be shown that (a) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities or (b) the *Page 6 
employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. See R.C. 2744.03(A)(6)(a) and (b).
 A {¶ 11} The qualified immunity provided under R.C. 2744.03(A)(6) is "in addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division." R.C.2744.03(A)(7) preserves common law immunity for a "political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant to such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." At common law, prosecuting attorneys and law directors enjoyed absolute immunity when initiating a prosecution and presenting the state's case. SeeWillitzer v. McCloud (1983), 6 Ohio St.3d 447, 449, citing Imbler v.Pachtman (1976), 424 U.S. 409, 430.
 {¶ 12} Appellant's claims against the law director were based on his belief that the law director should have voluntarily dismissed the interference with custody charges once he informed the law director that the speedy trial time for those charges had elapsed. We have significant doubts about the validity of this theory of liability. However, because the record is undeveloped, appellant's claim cannot properly be reviewed. The record on appeal only contains the municipal court's journal entry stating, "dismissed w/prejudice for failure of speedy trial time." The *Page 7 
record does not contain appellant's motion to dismiss on speedy trial grounds, the city's response, if any, to that motion, or the docket from the case. Without these documents, we cannot determine the validity of appellant's motion to dismiss on speedy trial grounds.
 {¶ 13} Such a showing is not, in any event, necessary in this case. As a matter of law, the law director's presentation of appellant's criminal case fell within those duties required for the prosecution of a criminal matter and thus were covered by an absolute immunity.
 B {¶ 14} The police officers have a qualified immunity as employees of a political subdivision. As previously noted, that immunity does not apply if the officers acted with a "malicious purpose, in bad faith, or in a wanton or reckless manner." In Cramer v. Auglaize Acres, Auglaize App. No. 2-04-39, 2005-Ohio-3609, the Third District Court of Appeals stated at 4|42:
 {¶ 15} "In the context of political subdivision immunity, malicious purpose has been defined as the willful and intentional design to do injury. Piro v. Franklin Township (1995), 102 Ohio App.3d 130, 139,656 N.E.2d 1035, citing Jackson v. Butler Cty. Bd. of Cty. Commrs. (1991),76 Ohio App.3d 448, 453, 602 N.E.2d 363. Bad faith `connotes a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.' Id., quoting Slater v. Motorists Mut Ins. Co. (1962),174 Ohio St. 148, *Page 8 187 N.E.2d 45, paragraph two of the syllabus. Wanton misconduct is the failure to exercise any care whatsoever and establishes a disposition to perversity on the part of the tortfeasor. Fabrey v. McDonald VillagePolice Dep `t., 70 Ohio St.3d 351, 356, 1994-Ohio-368, 639 N.E.2d 31. `Such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury.' Id. Finally, reckless `conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent.'Piro, 102 Ohio App.3d at 139, citing Thompson v. McNeill (1990),53 Ohio St.3d 102, 104-105, 559 N.E.2d 705, citing 2 Restatement of the Law 2d, Torts (1965) 587, Section 500." (Internal quotation marks omitted.)
 1 {¶ 16} The court did not err by granting summary judgment to Officer Cargile. Appellant failed to set forth any facts as required by Civ.R. 56(E) that would create a genuine issue of material fact as to whether Officer Cargile acted in bad faith or with a malicious purpose in booking him.
 {¶ 17} Officer Cargile's affidavit showed that he did not arrest appellant. He worked inside the police station and, on the day of appellant's arrest, "was responsible for dispatching officers, filling out booking forms and observing prisoners." When booking appellant, Officer Cargile "asked Mr. Friga for certain personal information and wrote his responses on a Booking Record." He claimed to *Page 9 
have harbored no ill will toward appellant, nor did he have an ulterior motive for booking him.
 {¶ 18} Appellant failed to offer any evidence in response to Officer Cargile's affidavit. In fact, Officer Cargile is not mentioned by name in appellant's brief. His inclusion in this action appears to be premised on nothing more than his involvement in booking appellant at the police station. Appellant offers no evidence to show that Officer Cargile performed his duties in a malicious manner or in bad faith. Without offering such facts, appellant has failed to create an issue of fact relating to Officer Cargile's conduct.
 2 {¶ 19} Appellant maintained that Officer Hicks acted in bad faith by failing to investigate the veracity of his claims relating to his right to visitation. While acknowledging Officer Hicks' affidavit in which he offered to give appellant the opportunity to obtain the alleged paperwork, appellant maintains that there are issues of fact as to why he did not present the paperwork. In his brief in opposition to summary judgment, appellant states:
 {¶ 20} "Questions of fact exist as to why Mr. Friga couldn't get the paperwork, with the simplest answer being that Mr. Friga's attorney was not in the office at the time of his arrest, no documentation was in his possession as he was not at his home and Mr. Friga stated to the officer that the plan presented to him and relied on by Officer Hicks was not the plan in effect for visitation with his children." *Page 10 
 {¶ 21} When faced with a proper motion, a party opposing summary judgment must come forward with sufficient evidence on issues on which that party will bear the burden of proof at trial. Felker v.Schwenke (1998), 129 Ohio App.3d 427, 430. Where the moving party has produced sufficient supportive evidence on a summary judgment motion, the opposing party may not rest upon mere allegations in the pleadings but must respond with affidavits or other appropriate materials to show that there is a genuine issue of fact for trial. Civ.R. 56(E);Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48,51-52.
 {¶ 22} To defeat an assertion of immunity, appellant had to offer evidence that Officer Hicks acted with a malicious purpose, in bad faith, or in a wanton or reckless manner. Officer Hicks' affidavit shows that he examined what purported to be a legitimate domestic relations divorce decree showing that the ex-wife had legal custody of the children. This shifted the burden of production to appellant to establish that he validly possessed the children. Yet when given the opportunity to present this proof, he failed to do so. In fact, at no point has appellant produced the order which he claims gave him the right to visitation at the time in question. Officer Hicks' assertions that he acted upon a valid domestic relations divisions order are uncontroverted. Since there is no evidence to the contrary, the court did not err by granting summary judgment to Officer Hicks on the issue of immunity.
 C *Page 11 {¶ 23} Appellant's basis for holding the mayor of East Cleveland liable appears to be respondeat superior. In his brief in opposition to summary judgment, appellant stated that he was:
 {¶ 24} "* * * arrested and charged by an employee of the City of East Cleveland, Officer Hicks. He was prosecuted by the City of East Cleveland Prosecutor. All of the above-named individuals are supervised and reported to the safety director/mayor of the City of East Cleveland."
 {¶ 25} The doctrine of respondeat superior is premised on agency principles which impose liability upon an employer for the acts done by an employee in the course and scope of employment. The theory behind liability is that the employee's acts are imputed to the employer because the employee acting within the course and scope of employment, is assumed to do only those acts which benefit the employer. Conversely, when an employee commits an intentional tort, it is assumed that the employee did not act within the course and scope of employment, for intentional torts generally encompass bad acts which have no place in the employment relation. Byrd v. Faber (1991), 57 Ohio St.3d 56, 58,565 N.E.2d 584.
 {¶ 26} In City of Greenfield v. Schluep, Highland App. No. 95CA8,2006-Ohio-531, the Fourth District Court of Appeals stated at 20:
 {¶ 27} "Traditional principles of agency are not applicable in considering a political subdivision's claim for immunity. Woods v.Wellston, (Jun. 15, 2005), S.D. Ohio, Eastern Division, No. 2:02 CV 762. In Woods, the court held that the City of *Page 12 
Wellston was entitled to summary judgment on the plaintiff's tort claims, including a claim of malicious prosecution, against the city for the actions of its alleged agents, various police officers and city officials. The court held: `Common law agency principles, however, are clearly trumped by the Political Subdivision Tort Liability Act. SeeReno v. City of Centerville, 2nd Dist. No. 20078, 2004 Ohio 781, at 4|53 ("[a] political subdivision may not be held liable under a theory of respondeat superior unless one of the exceptions to the sovereign immunity listed in R.C. 2744.02(B) applies"). Because Plaintiff's claims * * * do not fall within one of the statutory exceptions set forth in Ohio Revised Code § 2744.02(B), the City of Wellston is immune from suit and is entitled to summary judgment on these claims.' We likewise find as a matter of law that traditional agency principles do not apply to waive appellant's immunity in this case."
 {¶ 28} The same rationale applies in this case: the application of common law agency principles of respondeat superior cannot waive the city's immunity, and by direct implication, the mayor's immunity. The court did not err by granting the mayor summary judgment on grounds that she was immune from suit for actions undertaken by a city employee. Of course, this conclusion presupposes that there was liability in the first instance. Our affirmation of the court's summary judgment in favor of Officer Hicks necessarily means that reasonable minds could not conclude Officer Hicks acted in a manner that would revoke his immunity for performing a *Page 13 
governmental function. Since he did not lose immunity, there is no basis for applying respondeat superior.
 III {¶ 29} The claims filed by appellant's mother, Ann Friga, were consortium claims based on her inability to visit with her grandchildren during the period of time in which the temporary protection order remained in effect against appellant Scott Friga. Those claims are derivative to those alleged by Scott Friga, so they necessarily fail when his claims fail. See Bowen v. Kil-Kare, Inc. (1992),63 Ohio St.3d 84, 93 (a loss of consortium claim is derivative in that it depends upon a legally cognizable tort upon the party suffering injury). The court did not err by granting summary judgment on the consortium claims.
 IV {¶ 30} The immunity enjoyed by all of the appellees makes consideration of the individual tort claims moot. We therefore decline to address the substance of these individual claims. See App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR.
[1] The court earlier dismissed the city of East Cleveland Police Department, the city of East Cleveland Municipal Court, and Gloria Dye, the clerk of the East Cleveland Municipal Court. None of these dismissals have been appealed.
[2] Our use of the singular form "appellant" in this opinion shall refer to Scott Friga.
[3] Appellants separately named the East Cleveland Police Department in their complaint. As a department of the city of East Cleveland, the police department is not sui juris and cannot be sued as a separate entity. It is subsumed within any judgment relating to the city. SeeRichardson v. Grady (Dec. 18, 2000), Cuyahoga App. Nos. 77381 and 77403. *Page 1