PARKER, A MINOR, APPELLANT, *v.* HANSEN, A MINOR, APPELLEE.

(No. 5737—Decided June 8, 1966).

Messrs. *Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellant.
Messrs. *Olds & Olds,* for appellee.

DOYLE, P. J. This is an appeal from a judgment of the Court of Common Pleas of Summit County sustaining a motion for a new trial and overruling a motion to strike from the files the motion for a new trial.

The plaintiff in the action was a boy, six years and seven months of age, who, through "his mother and next friend" sued the defendant for damages for personal injuries growing out of the claimed negligent operation of an automobile by the defendant, resulting in the striking of the plaintiff with the motor vehicle at a street intersection as the plaintiff was crossing one of the streets on his way home from school.

Prior to the court's general charge to the jury on the issues created by the pleadings, and the evidence, the court, at the instance of the plaintiff, submitted to the jury the following instruction:

"I charge you as a matter of law that a child of the age of six years is incapable of appreciating or understanding the consequences of his actions, and the necessity of care and caution to avoid injury, and hence is incapable of negligence as a matter of law. I therefore instruct you that you will not attribute any fault, wrongdoing or negligence to the action of the plaintiff * * * in crossing Prospect Street at the time and place of his accident with the defendant."

The jury returned a verdict for money damages in the plaintiff's favor, and a judgment was entered on the verdict. The defendant thereupon filed with the Clerk of Courts a motion for a new trial which, after hearing, the court granted, giving as its reason that prejudicial error intervened when the jury was charged by special instruction that the plaintiff's age precluded him being guilty of contributory negligence and, consequently, it could not be an affirmative defense to the action.

The appeal to this court stems from the court's judgment

granting a new trial, and is properly taken by virtue of Section 2505.02, Revised Code, as construed in *Price* v. *McCoy Sales & Service, Inc.,* 2 Ohio St. 2d 131.

We have no doubt that a trial court has not only the right but the duty to grant a new trial either *sua sponte* or on motion during term, when prejudicial error appears in its charge to the jury on vital issues in the case. If, however, a new trial is granted because of an erroneous belief of the court that it committed prejudicial error in the trial, then, on appeal, such ruling may be properly reversed and the verdict and judgment reinstated.

We, therefore, direct our attention to the following question posed by counsel: Is a minor child, six years, seven months and seven days old, presumed to be, as a matter of law, incapable of negligence which proximately contributes to his own injuries?

When a child is struck and injured by a motor vehicle when operated on a public highway, this state and American authorities uniformly make allowance for his immaturity in judging contributory negligence. The child is required to exercise, for his own safety, the degree of care which children of his age, experience, education and intelligence ordinarily exercise under the same or similar circumstances. This means that the child is judged according to his own intelligence, experience and mental capacity as far as ability to perceive the risk goes, but given the perception of the risk, as determined by this test, the child will be held to exercise the judgment of the standard child having the other qualities mentioned above, to wit, experience, education and intelligence. See 2 Harper and James, Law of Torts, 924, Section 16.8.

In cases where an injured child is of such tender years that his inability to exercise care for his own safety, and to perceive or appreciate the risk, admits of no doubt, the court must decide the question as a matter of law.

In one of the last cases decided by the Supreme Court of Ohio on the subject, it was held that: "A child between the ages of 4 and 5 years, in the absence of evidence that he has discretion and understanding to appreciate a danger which confronts him, is not chargeable with negligence." *Gottesman, Admr.,* v. *City of Cleveland,* 142 Ohio St. 410. If there is doubt,

however, on the question of the child's capacity to exercise care for his own safety, and to appreciate a danger which confronts him because of his age, experience, education and intelligence, then that question should be submitted to the jury. If the jury finds that he had such capacity, then the jury must be called upon to pass on the further question of whether he did or did not exercise that degree of care for his own safety that the standard child of his age, experience, education and mental capacity would ordinarily exercise under the same or similar circumstances. See Ohio cases cited in 39 Ohio Jurisprudence 2d 808, Section 188.

In the instant case, we have before us only the age of the child, and without a transcript of the evidence, we have no way of knowing any of the child's characteristics. We assume, therefore, that the trial court, possessed of this information, properly determined on the motion for new trial that a jury question had arisen on the issue of contributory negligence and, as a consequence, granted the motion because of the previous error.

In the light of what we have said, it is obvious that we are of the opinion that a child of the age of six years, seven months and seven days is not, from that fact alone, presumed, as a matter of law, to be incapable of contributory negligence and that if other factors arise, which leave in question his understanding and discretion to appreciate a danger which confronts him, then it is for a jury to decide whether he has such understanding and, if so, whether he has complied with the requirements set for the standard child.

We have examined the challenge of the propriety of the motion for new trial and conclude that no error of a prejudicial nature can be there found to exist.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.