OPINION
{¶ 1} Lucas Gentry and his parents, Bobbie and Mike Gentry (hereinafter collectively referred to as "the Gentrys") appeal from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Christopher Craycraft and his parents, Terry and Nancy Craycraft ("the Craycrafts").
 {¶ 2} The background of the case is as follows.
 {¶ 3} The Gentrys and the Craycrafts are neighbors, and their children played together regularly. On the evening of June 17, 1999, four-year-old Lucas Gentry went to the Craycraft home to play with their youngest child, Cole. Lucas's brothers were also playing at the Craycraft house. When Cole was unable to play, Lucas went into the yard where the older boys were building a chair from loose wood. Christopher Craycraft and Levi Gentry were taking turns hammering nails into the chair. During one of Christopher's turns, a nail flew out of the wood and struck Lucas in the right eye.
 {¶ 4} On March 8, 2001, the Gentrys filed a complaint against the Craycrafts. The Gentrys alleged that Christopher had hammered the nail in such a way as to intentionally, recklessly, or negligently cause injury to Lucas and that his parents were liable for Christopher's destructive acts. The Craycrafts filed a motion for summary judgment, and the trial court granted the motion. Specifically, the trial court held that the children had been engaged in a recreational activity at the time of the accident and that, as such, the Gentrys were not entitled to any damages unless Christopher's actions had been either reckless or intentional. The court concluded that "[d]espite conflicting evidence about [Christopher's] action in hammering in the nail, it is impossible to say that his actions were reckless." The court also concluded that Lucas's injury had not been a probable consequence of the activity in which the children had been engaged at the time of the accident and thus that Christopher's parents could not be held responsible for it.
 {¶ 5} The Gentrys appeal from the trial court's judgment, raising two assignments of error. We will consider these assignments together.
 {¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, LUCAS GENTRY, BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE, CHRISTOPHER CRAYCRAFT, BASED UPON AN IMPROPER APPLICATION OF THE `RECREATIONAL OR SPORTS ACTIVITY' EXCEPTION TO LIABILITY FOR NEGLIGENCE.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OR DEFENDANT-APPELLEE, CHRISTOPHER CRAYCRAFT, WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED WHICH SHOULD BE LEFT FOR THE JURY TO DECIDE."
 {¶ 8} The Gentrys claim that the trial court erred when it concluded that the boys had been engaged in a recreational activity at the time of Lucas's injury. In the alternative, they argue that, even if it was a recreational activity, Christopher was liable because he acted recklessly. They also claim that Christopher should be liable for negligent acts because Lucas was not a participant in the recreational activity nor was he a spectator who could have assumed the risk of his proximity to the activity. The Gentrys have not appealed from the portion of the trial court's judgment regarding the Craycraft parents' liability.
 {¶ 9} When individuals engage in recreational or sporting activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either reckless or intentional. Marchetti v.Kalish (1990), 53 Ohio St.3d 95, syllabus; Thompson v. McNeill (1990),53 Ohio St.3d 102, syllabus. The Gentrys claim that the construction of a wooden chair is not a recreational activity because there are "no players * * *, no competition and no set rules for the activity." In our view, the Gentrys define a recreational activity too narrowly. The boys were clearly engaged in recreation at the time of the accident, despite the fact that there were no "rules" or players. Under the facts presented here, building the chair was no less a recreational activity than building a fort, a tree house, or a sand castle. The fact that there were no set rules and that the participants were not designated as "players" was not determinative. Children having fun by trying to build something in the backyard are clearly engaged in a recreational activity. The trial court properly determined that Christopher and Levi were engaged in a recreational activity when they were building the chair.
 {¶ 10} The trial court also correctly determined that the evidence presented, viewed most favorably to the Gentrys, did not create a genuine issue of material fact as to whether Christopher Craycraft had acted recklessly. One acts recklessly when one does an act despite knowing or having reason to know of facts that would lead a reasonable person to realize that there is an unreasonable risk of harm to another and that such risk is substantially greater than that which is necessary for negligence. Wooten v. Vogele, Hamilton App. No. C-010140, 2001-Ohio-7096; Thompson, 53 Ohio St.3d at 104-105. The affidavit and deposition testimony of the Gentrys' two older sons were offered in opposition to the motion for summary judgment. Both boys indicated that Christopher Craycraft had started the nail into the wood by tapping it lightly before the alleged "big swing" which caused it to fly out of the wood. The older son, Michael, who was also older than Christopher, indicated that, after seeing one "big swing" by Christopher, he had moved back a little bit but had apparently not believed that he had been in danger sitting a few feet away from the construction. Lucas was standing behind Michael at the time of the injury. Furthermore, Michael testified that the first nail upon which Christopher had executed a "big swing" had been successfully pounded into the wood. Michael also stated that he had not described Christopher's swing as "wild" in talking to his mother about the incident; rather, he had stated that Christopher had swung "too hard." In our view, the trial court properly determined that "it is impossible to say that [Christopher's] actions were reckless" based on this evidence.
 {¶ 11} We do find one flaw, however, in the trial court's analysis. As we have stated, the general rule is that, when individuals engage in recreational or sporting activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either reckless or intentional. Marchetti v. Kalish (1990), 53 Ohio St.3d 95, syllabus;Thompson, 53 Ohio St.3d at syllabus. The supreme court has included spectators at a recreational or sporting event within the scope of this rule because they, like the participants, have accepted the risk of the conduct associated with that sport. Thompson, 53 Ohio St.3d at 104. The rationale is simple: injuries that result from conduct that is a foreseeable, customary part of a sport or activity should not be actionable absent reckless or intentional conduct because the participants and spectators have assumed the risk of their proximity to such activity.
 {¶ 12} Although Lucas was a spectator to a recreational activity at the time of his injury, the Gentrys argue that he could not have assumed the risk of the older boys' hammering because of his young age. We agree. The supreme court's decision in Thompson, supra, extended to spectators the standard of care owed among participants in a recreational or sporting event under an assumption of risk analysis. We cannot apply such a standard in a case involving the choice of a young child. "A child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character."Stinespring v. Natorp Garden Stores, Inc. (April 24, 1998), Hamilton App. No. C-970326, citing Englehardt v. Philipps (1939), 136 Ohio St. 73,81. Therefore, with respect to Lucas, who was neither a participant nor a spectator who could have assumed the risk of his proximity to a recreational activity, Christopher would be liable for merely negligent conduct. In other words, if Christopher negligently injured Lucas, he was not shielded from liability by virtue of the fact that he had been engaged in a recreational activity at the time. Put differently, insulation from liability for negligence requires assumption of the risk. Because Lucas could not assume the risk, Christopher was not shielded from liability for merely negligent, injury-causing conduct. We note, however, that the conduct of a child is not measured by the same rules that apply to an adult. "The measure of care required of [a child] is that degree of care which a [child] of ordinary care and prudence of the same age, capacity, education and experience is accustomed to exercise for his own safety under the same or similar circumstances."Siders v. Reynoldsburg School Dist. (1994), 99 Ohio App.3d 173, 196;Parker v. Hansen (1966), 6 Ohio App.2d 214, 216.
 {¶ 13} Based upon our review of the evidence presented, there was a genuine issue of material fact as to whether Christopher's conduct was negligent for a child of his age. As such, we will remand this matter to the trial court for further proceedings.
 {¶ 14} The assignments of error are sustained in part and overruled in part.
 {¶ 15} The judgment of the trial court will be affirmed in part and reversed in part, and this matter will be remanded for further proceedings on the issue of negligence.
FAIN, J. and GRADY, J., concur.